Francis E. Beach et al. v. Town of Trumbull

Court of Common Pleas    Fairfield County    File No. 46431

Memorandum filed April 17, 1946.

*Greenstein* and *Simons,* of Bridgeport, for the Plaintiff.

*Samuel G. Payne,* of Bridgeport, for the Defendant.

PICKETT, J.    The essence of the demurrer to the complaint is that it states no cause of action cognizable by the court.  From the complaint it appears that the plaintiffs made claim against the town of Trumbull under § 1120e of the Cumulative Supplement, 1939, for reimbursement for damage to cattle caused by dogs.  The damage claimed is $740.  The complaint recites and the demurrer admits that damage was sustained, due notice given to the selectmen, and since the damage as estimated exceeded $100 the matter was reported to the state commissioner on domestic animals.

By force of § 1120e, subsection (f), the duty of the commissioner is:  "When the claim for damage shall exceed one hundred dollars, said commissioner or his agent shall appraise the damage."  The complaint recites that the commissioner did "appraise the damage" and assessed it at $175, which the plaintiffs claim "was not made in good faith and with proper motives and does not constitute a fair, honest, and just determination of the amount of damage sustained, . . . is arbitrary, illegal and discriminatory and deprives the plaintiffs of their rights without due process of law."  Wherefore the plaintiffs bring suit against the town to compel payment of the amount which is claimed to be the true damage sustained.

Since a demurrer admits all facts well pleaded, it must be assumed for present purposes that the above allegations, easily made but difficult to prove, are true.  It is the position of the

town that notwithstanding these claimed facts no cause of action exists against the town, either by statute or at common law. It is with this matter only that the court deals.

Section 1120e is the current outgrowth of a series of legislative enactments relating to damage to livestock by dogs. The history of this legislation is stated by the Supreme Court of Errors in *Van Hoosear* v. *Wilton,* 62 Conn. 106; *Wallingford* v. *Neal,* 108 Conn. 152; *Scoville* v. *Columbia,* 86 Conn. 568; and *Wilton* v. *Weston,* 48 Conn. 325. All of these cases clearly indicate that the remedy afforded to the owner of domestic animals damaged by dogs under this statute is a peculiar and special remedy strictly statutory in character and only available when all of the requirements of the statute are met and its burdens and detriments accepted. Insofar as the town or the state assumes the burden of loss or damage to the claimant, his right is strictly limited.

The remedy provided by the statute is not exclusive. The claimant may at his option pursue his remedy against the person who owns, keeps, or harbors the dog or dogs which caused the damage. Plaintiffs have elected to accept the benefits and detriments of the statute and seek their remedy from the town. What then is the remedy which the statute affords? The statute breaks down into certain elements so far as pertinent to this matter. First : "(a) When any person shall sustain damage by dogs to his . . . cattle . . . he shall give information thereof to the selectmen of the town . . . within twenty-four hours after he shall have knowledge of the same, and thereupon one of the selectmen of such town, with the person claiming to have sustained the damage, shall estimate the value of the animals . . . lost or killed, injured or damaged by such dogs." Second: There follow various provisions applicable in the event the claimant and selectman cannot agree. Third: If the claimed damage is more than $50 but less than $100, the selectmen "shall" report the matter to the commissioner on domestic animals and "may" call upon the commissioner or his agent to "assist in appraising the damage." Fourth: If the claimed damage exceeds $100, the "commissioner or his agent shall appraise the damage."

It thus appears that in determining the amount of damage the statute fixes three primary methods based on the amount of claim. First: When the damage does not exceed $50—

agreement between the claimant and a selectman or, if they are unable to agree, the selection by them of a disinterested third person, the agreement of any two being necessary to fix the damage to be paid under the statute. Second: The same procedure to be followed when the claim exceeds $50 but does not exceed $100, with, however, the duty to report the matter to the commissioner on domestic animals and the right to call on him or his agent for assistance in fixing the damage. Third: When claims exceed $100, the sole authority to determine the damage vests in the commissioner.

Significant is the fact that in respect to claims under $50, and presumably those under $100, the statute definitely accords to a claimant whose claim has not been appraised and paid in accordance with the several procedures stated in the statute an added remedy by the provision which reads: ". . . the person who claims to have sustained damage may institute a civil action for the recovery of the damage sustained by him against the town in which it was sustained." This right of suit and the corollary power of courts to entertain it is, according to the context of the statute, limited to damages which may be appraised by others than the commissioner on domestic animals not in excess of $100.

As to claims exceeding $100, the statute is specific that the "commissioner or his agent shall appraise the damage." Nothing in the statute provides for appeal from such appraisal, for review, or specifically for direct suit, or confers upon the courts jurisdiction to appraise damage.

The remedy afforded by § 1120e is unquestionably peculiar and strictly statutory. It gives to the claimant a remedy against the town which is in the nature of a bounty to be paid first out of the town treasury and next as reimbursement to the town out of the state treasury, if the town is unable to recover from the persons owning, keeping, or harboring the dog or dogs which did the damage. The fund from which the state payments are to be drawn are specifically those accuring from dog license fees.

It thus appears that the whole scheme of the statute involves an alternative remedy sanctioned by the state, limited by statutory conditions, available only in strict conformity to the statute, and financed by such moneys as flow from license fees paid by dog owners.

Since the claim of the plaintiffs is in excess of $100, only the commissioner is authorized to assess the damages. His decision is final. The statute confers no power on the courts to review or modify his determination. A claimant who is not satisfied need not accept the award. He may seek his remedy against the persons who owned or harbored the dogs. The statute gives only the specific and limited recourse to the town or state found within its terms.

Presumably the legislature considered that the commissioner on domestic animals could be safely intrusted with final authority to determine fairly the amount which the state should pay from its treasury in compensation to those who chose to resort to the statutory remedy.

While the claimant and a selectman, with or without a disinterested third person, are authorized to determine damages under $100, and a right to sue the town is specifically provided if there is a failure of award on these smaller claims, no other agreement by the claimant is required in the statute where the damage exceeds $100 than his acceptance of the commissioner's award, which the claimant may, of course, accept or reject at his option. If, therefore, the commissioner's award is, as here claimed, "unfair" and not a "just determination", the plaintiffs' remedy is not by a suit against the town.

If it so be that the commissioner has been derelict in his duty, this is in no wise the act of the town or its agent, and whatever remedy may be available is not to be found in § 1120e.

The court is of the opinion that the complaint states no cause of action against the town and that the demurrer must be sustained. It would appear that *Van Hoosear* v. *Wilton*, 62 Conn. 16, is sufficient authority for this decision.