DAVID H. VAN HOOSEAR *vs.* THE TOWN OF WILTON.

New Haven & Fairfield Cos., April T., 1892. ANDREWS, C. J., CARPENTER, SEYMOUR, TORRANCE and FENN, JS.

It is provided by Gen. Statutes, § 3752, that "when any person resident in this state shall sustain any damage to his sheep, lambs or cattle by reason of their being killed or injured by dogs, he shall give information thereof to one of the selectmen of the town within twenty-four hours after he has knowledge of the same, and thereupon such selectmen shall estimate the amount of such damage, and all damage proved to the satisfaction of the selectmen to have been committed in their town, shall be paid by such town." Held that, in the absence of fraud or mistake on the part of the selectmen in making an estimate of the damage, the town was bound to pay only the amount estimated by them.

[Argued April 21st—decided June 30th, 1892.]

ACTION to recover of the defendant town the amount of damage suffered by the plaintiff in the killing of his sheep by dogs, under Gen. Statutes, § 3752; brought to the Court of Common Pleas in Fairfield County, and tried to the court before *Perry, J.* Facts found and judgment rendered for the plaintiff, and appeal by the defendant. The case is fully stated in the opinion.

*L. Warner* and *J. H. Light,* for the appellant.

*J. B. Hurlbutt,* for the appellee.

TORRANCE, J. This is an action brought under section 3752 of the General Statutes of this state, to recover compensation for loss and injury caused to the plaintiff's sheep by dogs.

The plaintiff is a resident of Wilton, and previous to the bringing of this suit had notified the selectmen of Wilton of his loss, as required by the statute, and they had estimated his damages at eighty-four dollars, and given him notice of such estimate. The town has always been ready to pay

this sum to the plaintiff, but he, claiming that the damage sustained by him was greater than eighty-four dollars, refused to receive that sum and brought this action.

So much of the section of the General Statutes under which this action is brought, as it is necessary to, quote, reads as follows :—" When any person resident in this state shall sustain any damage to his sheep, lambs or cattle, by reason of their being killed or injured by dogs, he shall give information thereof to one of the selectmen of the town in which such damage was done within twenty-four hours after he has knowlege of the same, and thereupon said selectmen shall estimate the amount of such damage, and all damage done by dogs to sheep, lambs or cattle, proved to the satisfaction of the selectmen to have been committed in their town, shall be paid by such town."

In the court below the defendant claimed that the plaintiff was conclusively bound in this action by the estimate made by the selectmen, and could not legally prove nor recover as damages any sum in excess of that estimate; while the plaintiff claimed that he was not so bound, and was not so limited in his proof or in his right to recover. The court sustained the claim of the plaintiff, found his damages to be more than eighty-four dollars, and rendered judgment in his favor therefor.

The only question raised in the court below which it is material to notice on this appeal, is the one raised by these conflicting claims, namely, whether or not the plaintiff is conclusively bound in this action by the estimate of damages made by the selectmen. The decision of this question depends upon the construction of the statute under which the action is brought, for the plaintiff's right to recover against the town is based solely upon the provisions of the statute.

The liability of the town to the plaintiff under the statute is a strictly limited and peculiar liability, and in order to recover against the town the plaintiff must bring himself strictly within the statutory provisions. He must show that he was a resident of this state at the time his sheep,

lambs or cattle were injured; that he sustained such damage; that it was caused by dogs; that it was done in Wilton, and proved to have been so done to the satisfaction of the selectmen of that town; and that he gave information of his loss as required by law. All this the plaintiff concedes, and all these matters are fully set out in his complaint. He treats them as conditions precedent to his right of recovery. But the statute also provides that the selectmen shall make an estimate of the amount of such damage.

Is the existence of such an estimate also one of the statutory conditions precedent of the plaintiff's right of recovery? The plaintiff does not allege the existence of such an estimate in his complaint, and the argument for the plaintiff before this court proceeded upon the theory that the existence of such an estimate was not a necessary element in the case. We think otherwise. The statute does not in express terms give the plaintiff a right of action against the town; it merely imposes upon the town, under certain specified conditions and circumstances, the duty to pay money to the plaintiff. By implication the plaintiff has a right in some form of action to recover the amount of money due under the statute, when it becomes due, and not before.

The right of the plaintiff against the town, and the duty of the town towards the plaintiff, are correlative and co-extensive, and come into existence at one and the same time. If the town is bound to pay the actual damage which may be found by the tribunal before which a suit for such damage is finally brought, irrespective of the estimate of the selectmen, then the plaintiff is entitled to recover such sum. On the other hand, if the statute obligates the town to pay only the amount of damages estimated by its selectmen, then, in the absence of fraud or mistake in making such estimate, the sum so found must be the limit and measure of the plaintiff's right against the town. What then does the statute say upon this question?

The plaintiff claims that the statute does not expressly, nor by necessary implication, require the town ·to pay the

amount of the estimate made by the selectmen. He says its language is " all damage done by dogs to sheep, lambs or cattle, proved to the satisfaction of the selectmen to have been committed in their town, shall be paid by such town."

We think the plaintiff is mistaken in this claim. The language just quoted must be read in connection with what precedes it, and the entire section ought to be construed together and read in the light of the changes this law has undergone from time to time before it passed into its present form. When so read and construed, we think it clearly appears that the amount of the estimate made by the selectmen is all that the town is obliged to pay, and of course is the amount which the plaintiff is entitled to recover in an action of this kind.

The law as it stood in 1878 provided as follows :—" Damage done by dogs to sheep or lambs or cattle, proved to the satisfaction of the selectmen to have been committed in their town, shall be paid by such town." Session Laws of 1878, chap. 99, § 7. Under this law the plaintiff, in an action like the present, was not required to be a resident of this state, and was not required to give notice of his loss to the selectmen, and they were not, in express terms at least, required to make any estimate of his damages. The legislature in 1879 made certain important changes in the law, which were subsequently embodied in section 3752 of the present revision of the General Statutes under which this action is brought. The statute of 1879 provided that the party damaged should be a resident of this state ; and that he should give information of his loss to one of the selectmen within a prescribed time ; and it made it the duty of the selectmen thereupon to " estimate the amount of said damage." Not only this, but it provided in express terms that the town should pay the amount of such estimate. Its language was—" and thereupon said selectmen shall estimate the amount of said damage, *which* shall be paid in the manner now provided by section seven, chapter ninety-nine of Public Acts of 1878." Session Laws of 1879, chap. 50, § 1. Reading the above acts of 1878 and 1779 together, we think

it is too clear to admit of doubt or dispute that the legisla-
ture intended that the amount to be paid by the town un-
der the statute was, in the absence of fraud or mistake, the
amount of the estimate made by the selectmen.

The law remained as it was enacted in 1879 until it was
put into its present form by the revising committee. It was
not suggested on the argument that the revising committee,
in putting the law into its present form, intended to make or
had in fact made any changes therein, and we do not think
they did. The law under which the present action is brought
is therefore the law as it was in 1879. From this it follows
that under the statute the limit and measure of the plaint-
iff's right to recover against the town is the amount of the
estimate made by the selectmen, and that in the present ac-
tion the plaintiff is bound by the amount of that estimate.

It was claimed on the argument that the opinion of this
court in the case of *Town of Wilton* v. *Town of Weston*, 48
Conn., 325, is in conflict with, or is inconsistent with, this
construction of the statute under consideration. That case
was brought under the law as it was in 1878, which did not,
at least in terms, require any formal estimate to be made by
the selectmen, and it was a case where one town, having paid
damages to the party sustaining them under the statute, sought
to recover the amount so paid from the town where the own-
er of the dog resided. These two circumstances, and espe-
cially the latter, materially distinguish that case from the
present. Although the point was not directly or necessarily
involved in that case, the court therein expressed the opin-
ion that the defendant town was not bound by the amount
of damage which the selectmen considered to have been done
and which they had paid. The court further said that if
forced to adopt a contrary construction it would hold the
law to be invalid. It followed of course from this that the
damages which the defendant town in that case could be
compelled to pay, were the actual damages, irrespective of
any estimate which might have been made by the select-
men.

There is no conflict between the opinion in that case and

the conclusion reached in the case at bar. There the court was dealing with a case where, if the proceedings of the selectmen bound the defendant town, its liability was conclusively determined *in invitum* in a proceeding to which it could not be a party, of which it had no notice, by a tribunal unknown to the common law, over which the defendant had no control, and from the decision of which there was no appeal. Under such circumstances the court could do no otherwise than express itself as it did.

In the case at bar the circumstances are quite different. No one here is seeking to bind the plaintiff *in invitum* by the proceedings of the selectmen. He is in court voluntarily seeking to enforce his rights under a statute, and those rights are conditioned upon the estimate of the selectmen. The plaintiff voluntarily seeks to avail himself of the special and peculiar advantages given him by the statute. He notified the selectmen of his loss as required by law, and in effect requested them to estimate the amount of his damage. If he was dissatisfied with this estimate he was not bound by it at all. He was still free to pursue all his other rights and remedies against those who actually caused the damage. The law does not bind him *in invitum* by the estimate of the selectmen. It simply says—" If you avail yourself of the statute you can recover no more than the amount of such estimate made in good faith." If the plaintiff thus voluntarily takes the benefit of the statute, he must be held to have taken it with all its burdens and limitations also, and of such he ought not now to complain.

There is error in the judgment of the court below and it is reversed.

In this opinion the other judges concurred.