AMHERST B. SCOVILLE ET UX. vs. THE TOWN OF COLUMBIA.

*First Judicial District, Hartford, January Term, 1913.

HALL, C. J., PRENTICE, THAYER, RORABACK and WHEELER, Js.

The liability of a town for damage to sheep by dogs is one created and limited by statute, the terms of which are mandatory and must be strictly followed in order to entitle the sheep owner to maintain an action against the town.

The failure to call in a third person to assist in estimating the damages, in case of a disagreement, as prescribed by § 5 of chapter 55 of the Public Acts of 1909, is fatal to the plaintiff's right of recovery.

Compliance with the terms of the statute should be alleged as well as proved, since they are conditions precedent to a right of action.

The plaintiff contended that the Act of 1911 (Public Acts of 1911, Chap. 121, § 3) applied to his case, although it did not take effect for several months after the loss of his sheep. Held that it was unnecessary to determine whether this statute was retroactive or not, since the plaintiff had failed to show that he had complied with its conditions.

Argued January 14th—decided March 11th, 1913.

ACTION to recover damages for the loss of a sheep which was alleged to have been attacked and killed by a dog or dogs in the defendant town, brought by appeal of the defendant from a judgment of a justice of the peace to the Court of Common Pleas in New London County, where the plaintiffs were nonsuited in a trial

* Transferred from second judicial district.

Scoville *v.* Columbia.

to the jury before *Waller, J.*, from which judgment they appealed. *No error.*

*Patrick J. Danahey*, for the appellants (plaintiffs).

*George E. Hinman*, for the appellee (defendant).

RORABACK, J.   The plaintiffs bring this action to recover damages occasioned by the killing of their sheep by a dog or dogs, which is alleged to have occurred on or about June 17th, 1911. The action is brought by virtue of the statute in such case made and provided. The complaint is dated December 19th, 1911. The statute which was in force when the plaintiff sustained the injury, provided that "when any person shall sustain damage by dogs to his sheep, lambs, Angora goats, Angora kids, horses, hogs, cattle, or other domestic animals or poultry he shall give information thereof to one of the selectmen of the town in which such damage was done, . . . within twenty-four hours after the owner has knowledge of the same, and thereupon one of the selectmen of such town, with a person to be named by the person suffering the damage, shall estimate the amount of such damage, including the labor and the time necessarily expended in finding and collecting such animals or poultry injured or separated, and the value of those killed, injured, lost, or damaged by said dogs. In case the selectmen and the person named cannot agree upon the amount of damage, they shall choose some disinterested third person to assist in estimating the said damage. The amount of damages estimated by any two of said three persons shall be paid by such town." Public Acts of 1909, p. 968, Chap. 55, § 5.

The plaintiffs in their complaint allege that on or about June 17th, 1911, their sheep was killed by a dog

or dogs; that notice of their loss was given to one of the selectmen of the defendant town within twenty-four hours after the plaintiffs had knowledge of the loss; that one of the selectmen of the defendant town viewed the remains of said sheep, but has taken no further action in the matter; and that the selectmen of the defendant town have neglected and refused for a period of more than thirty days after receiving such notice from the owner of said sheep, to estimate such damage, and said defendant neglects and refuses to pay said damages sustained as aforesaid.

An examination of the record discloses that the material facts which were set forth in the complaint were established by the evidence or conceded by the defendant.

The nonsuit was granted upon the ground that the plaintiffs had not offered any evidence to show that any estimate or appraisal had been made or attempted to be made by calling in some third person, as required by the provisions of the statute of 1909.

When authority to commence an action is conferred by statute, and when the manner of such a proceeding is prescribed by statute, the mode of proceeding is mandatory and must be strictly complied with.

In the case of *Van Hoosear* v. *Wilton*, 62 Conn. 106, 107, 25 Atl. 457, which was an action upon the statute to recover damages against the defendant town caused by the killing of the plaintiff's sheep by dogs, this court held that the only question raised in the court below was whether or not the plaintiff was conclusively bound by the estimate of damages by the selectmen. "The decision of this question depends upon the construction of the statute under which this action is brought, for the plaintiff's right to recover against the town is based solely upon the provisions of the statute. The liability of the town to the plaintiff under the

statute is a strictly limited and peculiar liability, and in order to recover against the town the plaintiff must bring himself strictly within the statutory provisions."

In case of a disagreement between the parties, the right to maintain an action like the present one is, by this statute authorizing such proceeding, made to depend upon choosing some disinterested third person to assist in estimating the damages; and then, according to the provisions of the statute, the amount of damages so estimated shall be paid by the town. It was the duty of the plaintiffs to act in good faith, and make an effort to carry out the provisions of the statute. A failure upon their part to do this would bar their right of action. The plaintiffs in their complaint fail to allege, either directly or indirectly, that there was any thing done in relation to estimating the amount of their damages by the decision of a third party. After a disagreement the provisions of the statute in relation to obtaining an estimate or finding in this manner were conditions precedent to the plaintiff's right to commence an action, and these facts should have been alleged. In the absence of such averments no liability upon the part of the town appeared.

The denial of the allegations of the complaint, as they were made, did not cure the defect in the plaintiffs' case. Doubtless an amendment to the complaint might have been allowed by the court below, but the final judgment would have been the same. It was vital to the plaintiffs' case to show that they had made an effort to have their claim estimated as provided for in the arbitration clause of the statute. Of this there was no evidence.

But the plaintiffs contend that the sufficiency of their complaint and cause of action should be tested by § 3 of chapter 121 of the Public Acts of 1911, p. 1378, which provides that: "If any selectman who has re-

ceived notice pursuant to the provisions of section nine of chapter 167 of the Public Acts of 1907 as amended by section five of chapter 55 of the Public Acts of 1909, concerning damage done by dogs, neglects or refuses, for a period of thirty days after receiving such notice, to estimate such damages with the person selected by the person who claims to have suffered damage, or, in case he acts with such person to estimate such damage and they cannot agree as to the amount thereof, neglects or refuses, for a period of ten days, to agree with such person in choosing some disinterested third person to assist in estimating such damage, or if such selectmen shall agree on such disinterested third person and no two of said three persons shall be able to agree as to the amount of damage sustained, then said person who claims to have sustained damage may institute a civil action, for the recovery of the damages sustained by him, against the town a selectman of which was notified as aforesaid."

This Act did not take effect until November 1st, 1911. The plaintiffs' alleged injuries were sustained several months before, when the Act of 1909 was in force.

For present purposes there is no occasion for us to determine whether the Act of 1911 is retroactive, as the plaintiffs now contend. To meet the conditions and to show a right of action under this statute, it should appear that the plaintiffs had done everything that could be done on their part to secure an estimate of the damages by choosing some third person and notifying the selectmen thereof. These conditions were not complied with.

There is no error.

In this opinion the other judges concurred, except HALL, C. J., who concurred in the result, but died before the opinion was written.