## Francis E. Beach et al. *v.* Town of Trumbull

Maltbie, C. J., Brown, Jennings, Ells and Dickenson, Js.

Argued October 1—decided December 5, 1946

*Sydney P. Simons,* with whom, on the brief, was *Henry Greenstein,* for the appellants (plaintiffs).

*Samuel G. Payne,* for the appellee (defendant).

BROWN, J.  In this action by the plaintiffs to recover of the defendant town under § 1120e of the 1939 Cumulative Supplement to the General Statutes for damage done to their cattle by dogs, the court entered judgment for the defendant upon the failure of the plaintiffs to plead over after a demurrer to the complaint was sustained, and the plaintiffs have appealed.

The material facts alleged in the complaint which stand admitted for the purpose of determining the issue presented by the demurrer may be thus summarized: On and for some time prior to July 30, 1945, the plaintiffs were owners and keepers of a herd of dairy cattle in the defendant town which were confined as prescribed by statute. On that day one of the cows was killed and others were injured by dogs at large in the town, to the plaintiffs' damage in the amount of $740, and they informed one of the defendant's selectmen thereof within twenty-four hours. They also proved to the satisfaction of the defendant's selectmen that the injuries and damage were committed in the defendant town. The selectmen thereupon reported the matter to the state commissioner of domestic animals for investigation and appraisal of the damage. He appraised the

plaintiffs' damage at $175 and so reported to the selectmen. This assessment of damage by the commissioner "was not made in good faith and with proper motives and does not constitute a fair, honest, and just determination of the amount of damage sustained." The plaintiffs informed the defendant's selectmen of the assessment so made and the defendant has refused to pay the $740, which is the amount of their damage as alleged.

The first of the two errors assigned by the plaintiffs is the court's denial of their motion to strike out the demurrer on the ground that it was not "special," as required by § 5507 of the General Statutes. Since it appears from the record that the question which the court decided in passing upon the demurrer would arise and prove decisive of the case in the event of trial upon a remand ordered by this court and since it has been fully argued before us, no good purpose would be served by our considering this ruling. Conn. App. Proc. § 17, p. 24; *DeMichiel & Bros.* v. *Sequin,* 114 Conn. 736, 737, 159 A. 889; *Artman* v. *Artman,* 111 Conn. 124, 127, 149 A. 246; *Chester* v. *Leonard,* 68 Conn. 495, 504, 37 A. 397. The other error assigned is the sustaining of the demurrer by the court on the ground that the complaint stated no cause of action. This presents the question whether upon the above facts the plaintiffs are entitled by virtue of the statute to recover their actual damage, claimed to be $740, notwithstanding the commissioner by his assessment had fixed the amount of their damage at $175, when this assessment was one not made in good faith and was not fair, honest and just. The answer requires a consideration of the provisions of § 1120e.

This statute prescribes the course to be followed

by an owner of domestic animals to entitle him to recover of the town, as specified, for damage to his animals by dogs. Among the provisions of the statute pertinent in this case are these: "When any person shall sustain damage by dogs to his . . . cattle . . . he shall give information thereof to the selectmen of the town in which such damage was sustained . . . within twenty-four hours after he shall have knowledge of the same, and thereupon one of the selectmen" and the claimant "shall estimate the amount of such damage"; when the claimed damage is more than $50 but less than $100, the selectmen "shall" report the same to the commissioner of domestic animals and "may" call upon him or his agent to "assist in appraising the damage"; "When the claim for damage shall exceed one hundred dollars, said commissioner . . . shall appraise the damage." It thus appears that, of the three methods prescribed by the statute for fixing the amount of a claimant's damage under it, the plaintiffs' claim for $740 must be determined by the third, that is, an appraisal by the commissioner. In deciding whether, as held by the court, such an appraisal, even though it be unfair, unjust and made in bad faith, restricts the claimant's right to recover to the amount so determined, or whether, as claimed by the plaintiffs, the statute gives rise to a right of action which under such circumstances entitles them to recover their actual damage regardless of this appraisal, consideration must be given to certain other aspects of the statute and to the nature of the right of a claimant under it.

Except as it stems from the obligation imposed upon towns by the statute, the plaintiffs have no cause of action against the defendant, for none ex-

isted at common law. Section 1120e is the last of a series of legislative enactments providing for recovery for damage to livestock by dogs. This court has considered various features of this legislation in the following cases: *Wilton* v. *Weston,* 48 Conn. 325; *Davis* v. *Seymour,* 59 Conn. 531, 21 A. 1004; *Van Hoosear* v. *Wilton,* 62 Conn. 106, 25 A. 457; *Scoville* v. *Columbia,* 86 Conn. 568, 86 A. 85; *Wallingford* v. *Neal,* 108 Conn. 152, 142 A. 805. As construed by these decisions, the remedy afforded under this statute to the owner for damage by dogs to his domestic animals is a peculiar and special remedy, strictly statutory in character and only available when all of the statutory requirements are met and the burdens and detriments thereunder accepted. Thus we stated in *Van Hoosear* v. *Wilton,* supra, 107: "The liability of the town to the plaintiff under the statute is a strictly limited and peculiar liability, and in order to recover against the town the plaintiff must bring himself strictly within the statutory provisions." The provisions of § 1120e, already recited, which prescribe the procedure to be followed upon a claim in excess of $100, such as the plaintiffs', and how the amount of it shall be determined are clear and unambiguous, and under the principle just quoted would preclude recovery by the plaintiff upon the complaint in this action.

This conclusion finds confirmation in other features of the statute as enacted. Not only does it make no provision for appeal from or review of the appraisal made by the commissioner, nor confer upon the courts jurisdiction to appraise the damage, but it also fails to authorize a direct action for damages by such a claimant in the absence of an appraisal by the commissioner. This failure of authoriza-

tion is particularly significant since the statute does expressly provide for such an action against the town upon any claim not exceeding $100 if by reason of a departure from the prescribed procedure in certain specified respects the required appraisal is not made. Thus any right of direct suit and correlative power of the courts to entertain an action to assert it are, according to the context of the statute, restricted to a suit for damages upon a failure of appraisal by other than the commissioner, and where the amount claimed does not exceed $100.

That the statute is to be strictly construed gives the plaintiffs no reason to complain. They still have their right of action against the owner of the dogs. As the trial court well stated in its memorandum of decision: "The remedy afforded by Section 1120e is unquestionably peculiar and strictly statutory. It gives to the claimant a remedy against the town which is in the nature of a bounty to be paid first out of the town treasury and next as reimbursement to the town out of the state treasury, if the town is unable to recover from the persons owning, keeping, or harboring the dog or dogs which did the damage. The fund from which the state payments are to be drawn are specifically those accruing from dog license fees. It thus appears that the whole scheme of the statute involves an alternative remedy sanctioned by the state, limited by statutory conditions, available only in strict conformity to the statute, and financed by such monies as flow from license fees paid by dog owners." The plaintiffs, by seeking the recovery of damages only, have attempted to avail themselves of the remedy which the statute provides without satisfying the conditions precedent prescribed in it. They have advanced no convincing

reason why they should not be restricted to the recovery of only that amount which is permissible under its express procedural limitations. See *Van Hoosear* v. *Wilton,* supra, 111.

The plaintiffs have cited no authority which holds that notwithstanding an appraisal made by the commissioner, as here, a claimant is entitled by virtue of the statute to recover in a direct action for damages the actual amount of his damage although that was in excess of the appraisal. They claim, nevertheless, that there is such a right by implication under the statute and rely upon certain of the cases above referred to in support of this contention. The distinction between the implication in those cases and that claimed here is evident. This is well illustrated by *Van Hoosear* v. *Wilton,* supra. There we recognized the implication of a right of recovery (p. 108) predicated upon the provision in the statute that "all damage . . . shall be paid by such town." That is entirely different from the implication claimed by the plaintiffs here of a right to recover in the present action regardless of the commissioner's appraisal, where the statute expressly makes this appraisal a condition precedent to liability of the town. The plaintiffs further claim that this court, in referring to the effect of "the estimate made by the selectmen" under the statute in the *Van Hoosear* case, by employing the qualifying words "in the absence of fraud or mistake in making such estimate" and "such estimate made in good faith" clearly indicated that unless the estimate was made in good faith the plaintiff was entitled to recover his actual damage without regard to the estimate. The words quoted were dicta, for no claim was made in that case of any lack of good faith in the estimate

as made. This aside, they do not necessarily imply that fraud in the estimate would give rise to a right to recover damages in a direct action. In view of the restricted nature and scope of the relief for which the statute provides, upon the present complaint the question whether the commissioner's appraisal was made in good faith is not material. In short, the full extent of the plaintiffs' rights under the statute upon the cause of action which they have alleged is fully and accurately epitomized by our statement in *Scoville* v. *Columbia,* supra, 570: "When authority to commence an action is conferred by statute, and when the manner of such a proceeding is prescribed by statute, the mode of proceeding is mandatory and must be strictly complied with."

What we have said is conclusive that the court did not err in sustaining the demurrer to the plaintiffs' complaint. We have no need to consider whether, if it be true that the commissioner's determination of the amount of their damage was unfair and dishonest, allegations which, as the trial court well stated, are "easily made but difficult to prove," relief might not be afforded in an equitable proceeding to have it vacated; see *Bisnovich* v. *British America Assurance Co.,* 100 Conn. 240, 123 A. 339; 2 Pomeroy, Eq. Jur. (4th Ed.) § 919; or by mandamus, *State* v. *Erickson,* 104 Conn. 542, 545, 133 A. 683; 34 Am. Jur. 859.

There is no error.

In this opinion ELLS, J., concurred.

DICKENSON, J. (concurring). I concur in the result but not in the grounds upon which it is based. The general purport of § 1120e is that the owner

and a selectman of the town are to estimate and agree upon the damage if possible, and if not, are to agree upon a third person to assist in estimating it. If two of the three shall agree upon an estimate, this fixes the amount of the damage. If no two can agree, the owner may bring his action for the damages that he claims he suffered. No limit is fixed in this section of the statute as to the amount of the claim. In a later and separate paragraph it is provided that where the claim exceeds $50 the selectman may call upon the commissioner to assist him in appraising the damage, and where the claim exceeds $100 the commissioner or his agent shall appraise it. It is nowhere stated in the statute that the commissioner's appraisal shall be final, and I think it was intended that he was to act simply as a substitute for the selectman, with the same provision in effect for the appointment of a third person if his appraisal was not acceptable to the owner. "In the construction of the statutes, words and phrases shall be construed according to the commonly approved usage of the language. . . ." General Statutes, § 6568. "Appraise" means "To set a value on . . .; to estimate the amount of . . . ." Webster's New International Dictionary (2d Ed.).

My conclusion is that the plaintiff could not attack the commissioner's appraisal on the ground of fraud and bring this action until steps had been taken for the appointment of a third person arbiter.

JENNINGS, J. (dissenting). The demurrer admits, for the purpose of determining the issues raised thereby, that the assessment of damage by the commissioner "was not made in good faith and with proper motives and does not constitute a fair, hon-

est, and just determination of the amount of damage sustained." In *State* v. *Erickson*, 104 Conn. 542, 545, 133 A. 683, it is said: "Where a public officer proposes to proceed in plain disregard of the rules of law established for his governance, capriciously or arbitrarily, and not in the honest exercise of discretion or judgment, his conduct is tantamount to a refusal to act at all." See also 43 Am. Jur. 78. The dominant legislative intent as expressed in the statute is to make the town primarily liable for damage done to domestic animals by dogs. The machinery for implementing that intent has broken down because of what amounts to a refusal of the public officials to act. It follows that the plaintiff is entitled to a trial on the merits. The analogy to actions for damages for change of grade is close. *Healey* v. *New Haven*, 49 Conn. 394, 401; *Holley* v. *Torrington*, 63 Conn. 426, 431, 28 A. 613; *McGowan* v. *Milford*, 104 Conn. 452, 453, 133 A. 570.

In this opinion MALTBIE, C. J., concurred.