THE PITTSBURGH PLATE GLASS COMPANY *v.* DOUGLAS E. DAHM ET AL.

ALCORN, C. J., HOUSE, THIM, RYAN and SHAPIRO, Js.

Argued June 5—decided June 29, 1970

*Vincent J. Dowling,* with whom, on the brief, were *John F. Scully* and *David T. Ryan,* for the appellant (defendant Continental Casualty Company).

*John A. Spector,* for the appellee (plaintiff).

ALCORN, C. J. In 1962 the defendant Douglas E. Dahm, hereinafter referred to as Dahm, contracted with the department of public works to construct a building for the American School for the Deaf in West Hartford. Since the contract price exceeded $1000 and was for the construction of a public building, Dahm gave a bond with the defendant Continental Casualty Company, hereinafter referred to as Continental, as surety for the protection of persons supplying labor and material in the prosecution of the work as required by § 49-41 of the General Statutes. The plaintiff Pittsburgh Plate Glass Com-

pany, hereinafter referred to as Pittsburgh, as a subcontractor to Dahm, sold and delivered building materials to him in connection with the construction of the building for which $15,544 remained unpaid. By complaint dated February 11, 1966, Pittsburgh brought suit to recover the amount due. The action was brought pursuant to § 49-42 of the General Statutes, the material part of which is quoted in the footnote.[1]

Dahm was defaulted for failure to appear and, following a trial of the issues between Pittsburgh and Continental, the trial court rendered judgment in Pittsburgh's favor. Continental has appealed from the judgment.

The statute having created the cause of action and prescribed the procedure, the mode of proceeding is mandatory and must be strictly complied with. *Beach* v. *Trumbull,* 133 Conn. 282, 289, 50 A.2d 765;

---

[1] "Sec. 49-42. SUIT ON BOND; WHEN AND HOW BROUGHT. (a) Every person who has furnished labor or material in the prosecution of the work provided for in such contract in respect of which a payment bond is furnished under the provisions of section 49-41 and who has not been paid in full therefor before the expiration of a period of sixty days after the day on which the last of the labor was done or performed by him or material was furnished or supplied by him for which such claim is made, shall have the right to sue on such payment bond for the amount, or the balance thereof, unpaid at the time of institution of such suit and to prosecute such action to final execution and judgment for the sum or sums justly due him . . . (b) Every suit instituted under this section shall be brought in the name of the person suing, in the superior court for the county where the contract was to be performed, irrespective of the amount in controversy in such suit, but no such suit shall be commenced after the expiration of one year after the date of final settlement of such contract. . . ."

The statute was amended by 1969 Public Act No. 192, § 1, by striking out the words "date of final settlement of such contract" and substituting the words "day on which the last of the labor was performed or material was supplied by him". The amendment has no bearing upon the issues in the present appeal.

*Scoville* v. *Columbia,* 86 Conn. 568, 570, 86 A. 85. The principal issue on this appeal is whether the plaintiff's action was brought within one year "after the date of final settlement of such contract" as required by § 49-42. Continental claims that the "final settlement" was on July 7, 1964. Pittsburgh's claim is that the court properly determined that the final settlement occurred on November 24, 1965. Involved in these claims is a dispute over whether the court had seen fit to determine the final settlement date by the improper exercise of an administrative function.

No correction of the finding material to our determination of the appeal is required. The court found, in substance, that on July 7, 1964, the department of public works, after inspection, concluded that the work which had been done met the requirements of the contract with four minor exceptions and thereupon it transferred the custody of the building to the American School for the Deaf, which became responsible for its maintenance and for insurance coverage from that date. On that date, however, there were claims outstanding between Dahm, the state, and the American School for the Deaf, principally related to amounts due Dahm under the contract and for extras. As of July 9, 1964, there was no final settlement, and no determination of the final settlement date was ever made by the public works commissioner. There were many conferences concerning the conflicting claims until November, 1965, when the disputes were resolved, and on November 24, 1965, payment was made by the state and releases between the parties were executed. Both Pittsburgh and Continental requested the public works commissioner to furnish a certified statement of the date of final settlement pursuant to § 49-43 of the General Statutes, the material part of which is quoted in the

footnote.[2]   The commissioner has never certified a final settlement date, however.   Under these circumstances, the court concluded that final settlement had not occurred before November 24, 1965, so that the time within which the plaintiff was required to commence an action began to run on that date and, consequently, the action commenced on February 11, 1966, was timely.

As we have previously pointed out, the similarity between § 49-42 and the federal statute, popularly known as the Miller Act (40 U.S.C. §§ 270 a–d), makes the decisions of the federal courts relative to the latter helpful.   *International Harvester Co.* v. *L. G. DeFelice & Son, Inc.,* 151 Conn. 325, 333, 197 A.2d 638.   There seems to be no disagreement between the parties that the term "final settlement" which appears in both the state and the federal statute does not mean final payment, "but the administrative determination by the officer having the execution of the work in charge that it has been performed and his finally fixing the amount due"; *R. P. Farnsworth & Co.* v. *Electrical Supply Co.,* 112 F.2d 150, 152 (5th Cir.) ; *United States* v. *Arthur Storm*

---

[2] "Sec. 49-43. CERTIFIED COPIES OF BONDS AND CONTRACTS; CERTIFIED STATEMENTS. Each agency of the state or of any subdivision thereof, in charge of the construction, alteration or repair of any public building or public work of the state or of any subdivision thereof, shall furnish, to any person making application therefor who submits an affidavit that he has supplied labor or materials for such work and payment therefor has not been made or that he is being sued on such bond, . . . in case final settlement of such contract has been made, a certified statement of the date of such settlement which shall be conclusive as to such date upon the parties. . . ."

The quoted portion of the statute was amended by 1969 Public Act No. 192, § 2, by striking out the words ". . . in case final settlement of such contract has been made, a certified statement of the date of such settlement which shall be conclusive as to such date upon the parties."   The amendment is immaterial to the present appeal.

*Co.,* 101 F.2d 524, 526 (6th Cir.) ; or, as stated by the United States Supreme Court, the date of "final settlement" is the date on which "so far as the Government was concerned, the amount which it was finally bound to pay or entitled to receive was fixed administratively by the proper authority". *Illinois Surety Co.* v. *United States,* 240 U.S. 214, 221, 38 S. Ct. 321, 60 L. Ed. 609; *United States Fidelity & Guaranty Co.* v. *United States,* 65 F.2d 639, 641 (9th Cir.). It is unnecessary for us to decide whether, as claimed by the defendant, § 49-43 confers exclusive authority on an administrative authority of the state to issue a "certified statement of the date of such settlement" and that the Superior Court improperly undertook to exercise such an administrative function. It is clear that a court may not perform administrative or nonjudicial functions. *Connecticut Television, Inc.* v. *Public Utilities Commission,* 159 Conn. 317, 329, 269 A.2d 276; *Adams* v. *Rubinow,* 157 Conn. 150, 158, 251 A.2d 49. It seems quite clear, however, that if an applicant under § 49-43 were unsuccessful in obtaining a certificate from the appropriate administrative state official, he could not properly request the Superior Court to issue a certificate as to the date of final settlement. In the present case, no such request was made of the court nor did the court purport to perform any function such as that contemplated by § 49-43. The obvious purpose of the statute is to furnish to an appropriate party the opportunity to obtain a certificate fixing, with some degree of certainty, the date from which the limitation on the right to bring his action is to be computed provided a final settlement has actually occurred.

The court was confronted with the question whether the date of "final settlement of such con-

tract" was such that Pittsburgh's action had not been brought within the year as required by § 49-42. There is no finding that the amount which the state was finally bound to pay or entitled to receive had ever been fixed administratively by the proper authority. On the contrary, the finding is that the commissioner of public works had only determined the cost of the unfinished project up to July 7, 1964. Since that was so, the court reasoned that no final settlement date could be found to exist before the date on which final payment was made and releases were exchanged and, since Pittsburgh's action was brought only about three months after that date, it complied with § 49-42. Instead of deciding that November 24, 1965, was the date of final settlement, the court, in actuality, decided that since no determination of the amount the state was bound to pay or was entitled to receive had been made by an appropriate administrative official no final settlement within the meaning of § 49-42 could be said to have preceded the actual payment and exchange of releases.

The claim made by Continental that it was discharged as surety on the bond because its liability had been extended for more than one year beyond the date of final settlement rests upon the assumption that the final settlement date was July 7, 1964. The claim fails because the court correctly concluded that July 7, 1964, was not the final settlement date.

There is no error.

In this opinion the other judges concurred.