WILLIAM J. BECK *v.* STEPHEN B. HEINTZ,
COMMISSIONER OF INCOME MAINTENANCE
(7719)

DUPONT, C. J., DALY and LAVERY, Js.

Argued October 17, 1989—decision released January 9, 1990

*Michael E. Paris,* for the appellant (plaintiff).

*Martin Rosenfeld,* assistant attorney general, with whom, on the brief, was *Clarine Nardi Riddle,* attorney general, for the appellee (defendant).

LAVERY, J. The plaintiff is appealing from the judgment of the trial court dismissing his administrative

appeal from the defendant's decision not to grant the plaintiff a hearing. The plaintiff claims that the trial court erred in deciding that he was not entitled to a hearing because he was not aggrieved by a decision of the defendant. We find no error.

The trial court found the following facts. On May 11, 1988, the department of human resources (DHR) obtained a money judgment, after a plenary hearing in Superior Court, against William Beck, the plaintiff in the present case. *Rivera* v. *Beck,* Superior Court, judicial district of Fairfield, docket no. 87-0242914S (May 11, 1988). The judgment was for an arrearage that Beck owed to the department of income maintenance (DIM) for support of and lying-in expenses paid by DIM, on the behalf of Beck's minor child, from February 3, 1987, to December, 1987, pursuant to General Statutes § 17-82d. General Statutes § 17-83e makes parents liable for public assistance paid by DIM on behalf of a minor child. The authority to recover these funds, however, is vested not in DIM but in DHR, pursuant to General Statutes § 17-31b. Thus, it was DHR, not DIM, that brought this action against Beck that resulted in the May 11 judgment. Beck did not appeal the Superior Court's judgment of May 11, 1988.

On June 1, 1988, Beck petitioned for a hearing with DIM, pursuant to General Statutes § 17-82f,[1] to review the judgment. Section 17-82f allows applicants for or beneficiaries of DIM assistance who are aggrieved by a decision of the commissioner of DIM made without a hearing to request a hearing. Section 17-2a requires the petitioner to be aggrieved and requires the request for a hearing to be made within sixty days of the commissioner's decision. DIM refused to grant the hearing.

---

[1] General Statutes § 17-82f provides: "Any applicant or beneficiary aggrieved by a decision of the commissioner made without a fair hearing may request a hearing in accordance with the provisions of section 17-2a."

Beck appealed DIM's refusal to grant a hearing to the Superior Court. Beck's complaint and petition stated: "(1) On or about May 11, 1988 the defendant commissioner [of DIM] assessed a money judgment of $2,487.85 against the plaintiff father . . . . (4) On or about June 1, 1988 the plaintiff father, pursuant to Connecticut General Statutes §§ 17-82f and 17-2a, duly requested a fair hearing *to review the defendant commissioner's assessment of the above-mentioned money judgment* against the plaintiff father." (Emphasis added.) The judgment described in Beck's complaint, however, was not a ruling by DIM, but the Superior Court judgment obtained by DHR against Beck. The trial court dismissed the appeal, finding that Beck was not an applicant for or beneficiary of DIM assistance, as required by § 17-82f, and that his request was not filed within sixty days of a decision by the commissioner of DIM to grant assistance. The court further found that since the decision in question was a judgment of the Superior Court, Beck failed to meet the statutory requirement of aggrievement by a decision of the commissioner of income maintenance. Beck appealed to this court.

The plaintiff claims that the trial court erred in finding that he was not entitled to a hearing pursuant to § 17-82f. We disagree.

"Appeals from final judgments or actions of the superior court shall be taken to the appellate court . . . ." General Statutes § 51-197a. The only exceptions to this statutory mandate involve appeals in those cases that are either appealable directly to the Supreme Court; id.; General Statutes § 51-199 (b); or not appealable at all. See, e.g., General Statutes § 51-197a (small claims judgments not appealable). Just as the judicial department lacks the power to perform administrative or nonjudicial functions; *Pittsburgh Plate Glass Co.* v. *Dahm*, 159 Conn. 563, 568, 271 A.2d 55 (1970); so do adminis-

trative agencies within the executive branch lack the power to exercise appellate jurisdiction, which is vested in this court by the constitution. Conn. Const., art. V, § 1. Although Beck's complaint in this case mischaracterized the Superior Court's earlier judgment in favor of DHR in *Rivera* v. *Beck,* supra, as a decision of the commissioner of DIM, the trial court correctly found that the decision Beck was attempting to relitigate was in fact a judgment of the Superior Court. Furthermore, the complaint stated explicitly that the purpose of the requested hearing was "to *review* the defendant commissioner's assessment of the above-mentioned money judgment . . . ." (Emphasis added.) Thus, from the facts found by the trial court and the allegations in the complaint, the procedural posture of this case emerges unmistakably as an attempt to appeal a judgment of the Superior Court to DIM.

DIM had no jurisdiction to hear such an appeal, and the agency properly refused to hear Beck. Beck failed to take a proper appeal from the judgment in *Rivera* v. *Beck,* supra, and thus he is not entitled to any review of that decision. In addition, the trial court correctly found that the plaintiff was neither an applicant nor a beneficiary[2] pursuant to § 17-82f, supra, and that he did not file a petition for a fair hearing within sixty days of the decision of the commissioner of DIM as required by § 17-2a.[3]

There is no error.

In this opinion the other judges concurred.

[2] General Statutes § 17-82 defines beneficiary as "any adult or minor child receiving assistance under the provisions of this chapter."

[3] General Statutes § 17-2a provides in pertinent part: "An aggrieved person authorized by law to request a fair hearing on a decision of the commissioner of income maintenance . . . may make application for such hearing in writing over his signature to the commissioner and shall state in such application in simple language the reasons why he claims to be aggrieved. Such application shall be mailed to the commissioner within sixty days after the rendition of such decision."