[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On January 19, 1993, the plaintiffs, Santos Foundation, Inc. (Santos), Designed Air Systems, Inc. (Designed), and High Tech Fire Protection, Inc. (High Tech), filed a three count complaint against the defendant, Insurance Company of North America (INA). By the second amended complaint, the first three counts in the plaintiffs' second amended complaint, dated May 24, 1993 seek recovery under a payment bond. The fourth count alleges a CUTPA violation pursuant to General Statutes § 42-110b.
On August 29, 1989, INA executed a payment bond (# K 03886372), in which it agreed to pay for labor, materials, and equipment to be provided by subcontractors in the performance of a construction contract (Branford contract) between the Town of Branford, as owner, and the F. W. Brown Construction Company (Brown), as contractor, on the condition that Brown defaulted in paying its subcontractors. The Branford contract provides for additions and alterations to two schools in Branford, at a cost of $9,734,000.00.
Brown failed to pay the plaintiffs, each a subcontractor for CT Page 11643 Brown in the Branford contract, the full amount due them under their respective contracts. Santos, which last performed labor and/or furnished materials to Brown in May 2, 1991, and served notice of its claim on INA on December 11, 1992, seeks payment from INA of $10,375.00, together with interest. Designed, which last performed labor and/or furnished materials to Brown on or about January 20, 1992, and served notice of its claim on INA on December 17, 1992, seeks $34,398.73, together with interest. High Tech, which last performed labor and/or furnished materials to Brown on February 6, 1992, and served notice of its claim on INA on January 12, 1993, seeks $6,307.00, together with interest.
The plaintiffs and INA have stipulated to the foregoing dates.
In its answer, filed on April 8, 1993, INA included three special defenses, one for each plaintiff, alleging that the plaintiffs failed to notify INA of their claims under the payment bond within one hundred eighty days after they last performed labor or furnished materials to the contractor, as required by General Statutes § 49-42(a). The plaintiffs replied to INA's special defenses by asserting estoppel, waiver, and unjust enrichment.
On May 21, 1993, INA filed a motion for summary judgment as to the first three counts. On June 8, 1993, the plaintiffs also filed a motion for summary judgment as to the first three counts. On February 8, 1994, the court, Gray, J., denied both INA's and the plaintiffs' motions for summary judgment.
The plaintiffs argue that they are entitled to recover under the payment bond because they have complied with the procedural requirements set forth in the bond. INA argues that General Statutes § 49-42(a) controls the procedural requirements of the payment bond and further that the plaintiffs have not satisfied those requirements.
The procedural requirements of the payment bond are set forth in Paragraphs 4 and 4.1, which state that
 4. The Surety shall have no obligation to Claimants under this Bond until,
 4.1 Claimants who are employed by or have a direct contract with the Contractor have given notice to the Surety (at the address described in Paragraph 12) and sent a copy, or notice CT Page 11644 thereof to the Owner, stating that a claim is being made under this Bond and, with substantial accuracy, the amount of the claim.
Nevertheless, paragraph 13 of INA's payment bond states that
 [w]hen this Bond has been furnished to comply with a statutory or other legal requirement in the location where the construction was to be performed, any provision in this Bond
conflicting with said statutory or legal requirement shall be deemed deleted herefrom and provisions conforming to the statutory or other legal requirement shall be deemed incorporated herein. The intent is that this Bond shall be construed as a statutory bond and not a common law bond.
(Emphasis added.) Paragraph 13 supersedes paragraphs 4 and 4.1. The bond was furnished to comply with General Statutes § 49-41.
General Statutes § 49-41 states in part that
 [b]efore any contract exceeding twenty-five thousand dollars in amount for construction, alteration or repair of any public building or public work of the state or any subdivision thereof is awarded to any person . . . that person shall furnish to the state or the subdivision a bond in the amount of the contract which shall be binding upon the award of the contract to that person, with a surety or sureties satisfactory to the officer awarding the contract, for the protection of persons supplying labor or materials in the prosecution of the work provided for in the contract for the use of each such person . . . .
The payment bond was necessary under § 49-41 because the Branford contract exceeds twenty-five thousand dollars in amount and involves alteration of a public building.
Moreover, since the bond was furnished to comply with General Statutes § 49-41, the payment bond incorporates the procedural requirements of General Statutes § 49-42(a), which provide for CT Page 11645 recovery on a payment bond furnished pursuant to § 49-41. General Statutes § 49-42(a) states in pertinent part that
 [e]very person who has furnished labor or material in the prosecution of the work provided for in such contract in respect of which a payment bond is furnished under the provisions of Section 49-41 and who allegedly has not been paid in full . . . may enforce his right to payment under the bond by serving a notice of the claim within one hundred eighty days after the date on which he performed the last labor or furnished the last of the material for which the claim is made, on the surety that issued the bond and a copy of the notice on the contractor named as principal in the bond.
(Emphasis added.)
In interpreting § 49-42, the Connecticut Supreme Court has "applied maxims of strict construction and liberal construction . . . ." Okee Industries, Inc. v. National Grange Mut.Ins. Co., 225 Conn. 367, 373, 623 A.2d 483 (1993). The court has "relied on the rule of strict construction when the issue was whether the claimant's notice complied with the specific time requirements of the statute." Id. The court has, however, "relied on the rule of liberal construction when the issue was the eligibility for statutory coverage of a particular class of subcontractors . . . or a particular type of supplier of materials." (Citation omitted.) Id., 373-74. In addition, "[b]ecause § 49-42
was patterned after federal legislation popularly known as the Miller Act; 40 U.S.C. § 270a through 270d; [the court] ha[s] regularly consulted federal precedents to determine the proper scope of our statute." Id. "The federal precedents, like our own, counsel liberal construction of statutory requirements other thanthose relating to specific time constraints." (Emphasis added.) Id. Therefore, the one hundred eighty day notice requirement under § 49-42(a) is mandatory.
The plaintiffs argue that since INA drafted the payment bond, INA waived its right to notice under § 49-42(a), and further that INA should be estopped from raising its noncompliance claim. The plaintiffs' reliance on Cierra Trucking, Inc. v. Pomperaug RegionalSchool District 15, Superior Court, Judicial District of Waterbury CT Page 11646 Docket No. 093635 (April 10, 1991, Healey, STR) for its claims of estoppel and waiver with respect to the notice requirement under § 49-42(a) is misplaced. Cierra Trucking, unlike the present case, involved compliance with the method of giving notice, not the timeliness of giving notice.
All three plaintiffs, Santos, Designed, and High Tech, waited over eleven months after last performing labor and/or furnishing materials to Brown before serving INA with notice of a claim. The plaintiffs' notice to INA exceeded the one hundred eighty day requirement under § 49-42(a). Accordingly, General Statutes § 49-42(a) bars the plaintiffs' recovery under the payment bond. Since the plaintiffs cannot recover under the payment bond, that the plaintiffs' CUTPA claim must also fail.
The president of High Tech sought to introduce evidence that he was called back to perform work on August 6, 1992. He testified that the work was accepted by the fire marshall on February 6, 1992. He testified further that it was the practice in the trade was to perform the work gratis. He offered no papers in support of the work. The testimony is without merit. United States ofAmerica for the Use of MacGregor Architectural Iron Co., Inc. v.Merritt, Chapman Scott Corporation, et al, 185 F. Sup. 381, 383.
The plaintiff sets forth three matters in avoidance of the special defenses filed by the defendant. These are:
 (1) Waiver of strict conformance with the notice requirements of the statute.
 (2) Estoppel by inducement to rely on language in the bond.
 (3) Unjust enrichment.
In Glus v. Brooklyn Eastern District Terminal, 359 U.S. 231, the plaintiff appealed the dismissal of the complaint, due to the statute of limitations. (FELA). In reversing, Justice Black noted, "To decide this case we need look no further than the maxim that no man may take advantage of his own wrong." p. 232. In footnote 2, the allegations described how the defendant falsely led the plaintiff to postpone action.
There is similar action by the defendant in all of the other cases cited by the plaintiff. CT Page 11647
There was no such action in this matter. The plaintiff had ample opportunity to present evidence to the court. No one was "lulled into a false security" Glus p. 233. The defendant did nothing more than receive the untimely notices.
The plaintiff submitted similar claims relevant as the statute of limitations.
 "The statute having created the cause of action and prescribed the procedure, the proceeding is mandatory and must be strictly complied with." Pittsburgh Plate Glass Co. v. Dahm, 159 Conn. 563, 565.
 " . . . if the statute itself imposes specific restraints, we have held these constraints to be mandatory; . . ." Okee Industries, Inc. v. National Grange Mutual Ins. Co., 225 Conn. 367, 374.
The court finds all six matters in avoidance to be insufficient.
Judgment may enter for the defendant on all four counts of the complaint, for the defendant on all three Special Defenses, and for the defendant on matters in voidance.
Robert P. Burns, Judge