BENJAMIN C. SIMMONS AND OTHERS *vs.* TOWN OF EASTFORD.

The statute (Rev. Stat., tit. 24, § 23,) provides that the selectmen of a town may, with the approbation of the town, discontinue any highway within the town, except where the same was laid out by the courts or the general assembly. A turnpike company chartered by the general assembly constructed a road through the town of *E*, upon a route prescribed by the charter. Some years afterwards the town agreed with the company to assume that portion of the turnpike lying within the town, as a public highway, which agreement was confirmed by the

general assembly and that portion of the road discontinued as a turnpike. Afterwards the selectmen of the town took proceedings for the discontinuance of a part of the road and their action was approved by the town. Held, that the road, while in its condition as a highway, was still to be regarded as laid out by the general assembly, and that it could not be discontinued by the proceedings taken for the purpose.

PETITION for the laying out of a highway. The petition alleged that the road prayed for was originally a part of the turnpike road of the Boston Turnpike Company, a corporation chartered by the general assembly in 1797, for the purpose of constructing and maintaining a turnpike road from Hartford to the Massachusetts line at Thompson in this state, and that the road was immediately after constructed and opened by the company, and was maintained by the company until the year 1850 ; that shortly before the 7th of February, 1850, the company proposed to the town of Eastford to pay the town the sum of $100, and have the town assume that portion of the road lying within the town, as a public highway ; that the town at a meeting legally warned and held on the 7th of February, 1850, voted to accept the proposition ; that the general assembly at its May session in the same year, upon the petition of the turnpike company, passed the following resolution :—" Upon the petition of the Boston Turnpike Company, showing that said company have contracted and agreed with the town of Eastford that that portion of said company's road lying within the limits of said town of Eastford should be discontinued, and praying for a discontinuance of the same :—Resolved by this Assembly, that that portion of the Boston turnpike road lying within the limits of the town of Eastford be and the same is hereby discontinued as a part of said company's road, and they are forever released and discharged from all obligation hereafter to maintain and keep in repair that portion of said road hereby discontinued ; " that from the time the road was assumed by the town it was kept in repair by the town as a public highway until the 2d day of April, 1860 ; that on that day, at a town meeting legally warned and held, the town, upon a report of the selectmen discontinuing a portion of the road, (the part now prayed for,)

voted to accept their report and to discontinue that part of the road ; that that part of the road was thereupon fenced up by the selectmen and no longer kept open or in repair ; and that it was required by public convenience and necessity that the part of the road thus discontinued should be re-established as a public highway ; that application had been made to the selectmen to lay out and re-open the same, but that they had neglected and refused ; and praying the court, on finding the allegations of the petition true, to lay out a public highway over the route of the road so discontinued.

The respondents demurred to the petition, and the questions. arising on the demurrer were reserved by the superior court for the advice of this court.

*Cleveland* and *Cundall*, in support of the demurrer.

*Richmond,* contra.

BUTLER, J. The petitioners seek to obtain a new highway between certain termini, and upon a certain route in the town of Eastford, where, until recently, a public open highway has existed, alleging that said highway has been discontinued and closed by the selectmen with the approbation of the town. It is objected among other things by the respondents, that no legal discontinuance of the highway, formerly open between the termini, was effected by the action of the selectmen and town, because such action was unauthorized and void. We are satisfied that the objection is well founded and must prevail ; and that the petitioner must seek relief by other proper proceedings, to compel the town to re-open and repair the existing highway.

The selectmen of towns, in discontinuing highways, are the agents of the law, and can exercise no powers except such as are expressly conferred by statute. The 23d section of the statute concerning highways confers such power upon them in certain specified cases, when the highway may have been laid out in a particular manner, " or in any other manner, except by the county court or the general assembly." It is apparent

Simmons *v.* Town of Eastford.

that the authority thus conferred is limited in the clearest manner by the exceptions made, and the power conferred on the courts, by the 31st section, to discontinue in the excepted cases; and that this limitation is necessary to prevent a conflict of action between the selectmen and the general assembly or the courts.

The highway which it is alleged was discontinued, was laid out by the Boston Turnpike Company, under special authority from the general assembly, and until 1850 was under the supervision of the legislature, exercised by commissioners annually appointed. In that year an agreement was made between the turnpike company and the town of Eastford, by the terms of which that town assumed the burden of thereafter maintaining the road; and that arrangement was confirmed by a resolution of the general assembly, predicated upon a petition of the company reciting the agreement, and the road, by the same resolution, was discontinued as part of the turnpike. But it clearly was not the intention of the company, the town, or the general assembly, that it should cease to be a highway; nor did those proceedings change its original character, as a road laid out by special delegated authority of the legislature, and take it out of the excepted cases; nor is there any thing in the resolution which can be construed into an intention to change the power to discontinue in the particular case from the courts to the selectmen.

It is evident, therefore, that the old highway has not been legally discontinued, but still exists, and that the superior court must be advised that the petition is insufficient and must be dismissed.

In this opinion the other judges concurred.