## ANDREW M. CLARK *vs.* THE TOWN OF CORNWALL ET AL. ·

First Judicial District, Hartford, January Term, 1919.

PRENTICE, C. J., RORABACK, WHEELER, BEACH and GAGER, Js.

A defendant whose interest in the subject-matter of the litigation is adverse to that of his codefendant, may demur to the answer of the latter.

In the present case such a demurrer was stricken out upon motion of the plaintiff, but the trial court permitted the demurrant to re-file it in the form of an application to the court to be heard upon the legal points which the demurrer sought to raise. *Held* that such procedure was irregular, and that the demurrer should have been allowed to stand.

Upon an application to the Superior Court for relief from the action of the selectmen of a town in discontinuing a highway, issues ·of fact other than that of "common convenience and necessity" should be determined by the court before appointing a committee to pass upon that specific question.

In discontinuing a highway the selectmen act as agents of the law, and the method provided by statute (§ 1442) must be strictly followed. The decision of the question must be the act of the selectmen and not that of the town, whose "approbation" only is required; but the action of each should be definite and formal, to the end that parties in interest and the public may have notice of what has been done.

In their report to the town, which had voted to discontinue a certain highway, the selectmen stated that "pursuant to the vote of the town they had discontinued" the highway. *Held* that the fair and reasonable interpretation of this clause was a discontinuance, not by vote of the town, but by act of the selectmen with the town's approval as evidenced by its vote, thus complying with the statute.

The record of a vote of. a town meeting, which was called pursuant to a notice, recited that the vote upon closing the highway mentioned "in the foregoing notice was taken as follows: No, 66, Yes, 67"; and that "said vote was declared passed by the chairman of the meeting." *Held:*—

1. That the "foregoing notice" could refer to no other than that contained in the warning or call for the meeting; and that it might be presumed, from the obligation of official duty, that such notice constituted a part of the record of the meeting.

2. That the "approbation" of the town to the discontinuance of the

highway could hardly be manifested in any more pronounced way than by its affirmative vote upon "closing the road."

The discontinuance of a highway does not become final and effective, nor are any interests vested or acquired thereunder, until the expiration of the eight months prescribed by statute (§§ 1434, 1442) within which any person aggrieved may apply to the Superior Court for relief; and therefore during that period the selectmen and the town may rescind or revoke their original action—as in the present case—and thereby continue the existence of the highway.

Argued January 7th—decided April 16th, 1919.

SUIT to secure relief from the attempted discontinuance of certain highways in the defendant town, brought to the Superior Court in Litchfield County where, upon motion of the defendant Cunningham, a committee was appointed, pursuant to §§ 1434 and 1442 of the General Statutes, to determine the question of the common convenience and necessity of said highways (*Reed, J.*), and from this judgment the defendant town appealed. *Error and judgment reversed.*

*Leonard J. Nickerson,* for the appellant (defendant town of Cornwall).

*Frank B. Munn,* for the appellee (plaintiff).

*Dennis W. Coleman,* with whom were *Wilson H. Pierce* and *John H. Lancaster,* for the appellee (defendant Cunningham).

WHEELER, J.   The defendants, the Town of Cornwall and Cunningham, admitted in their answers to the complaint that there were two sections of a highway in Cornwall; that the selectmen of Cornwall duly warned a special meeting of the legal voters of that town, by notice dated June 8th, to take action on June 15th, to discontinue these portions of this high-

way. Pursuant to this warning and notice, the town meeting passed the following vote: "Voted, The vote upon closing the road or highway mentioned in the foregoing notice was taken as follows: 66 No, 67 Yes. Said vote was declared passed by the Chairman of the meeting." Thereafter the selectmen of Cornwall reported, in writing, to the town, that "pursuant to the vote of the town" they had discontinued two certain portions of highway within the town, describing the portions as contained in the said notice of the town meeting.

The plaintiff admits, in his reply to the town's answer, and Cunningham admits, by failure to reply, that on June 24th the selectmen duly warned a special town meeting to be held on July 3d, and that at the meeting a vote was passed rescinding the vote had at the meeting on June 15th, and instructing the selectmen to keep open for public travel the highway described in the complaint and discontinued by vote of June 15th; and that on July 8th the selectmen, in compliance with this vote, filed with the town clerk of Cornwall an order rescinding the report made by them to the town, dated the 24th day of June as described in the complaint.

Defendant Cunningham filed a demurrer to the new matter of Cornwall's answer. A motion to strike this from the files was granted, and thereupon the court permitted the defendant to refile this "in the form of an application to the court to be heard upon the points of law sought to be raised" therein. This was an irregular procedure, the demurrer should have been allowed to stand.

The town of Cornwall filed an amendment to the seventh paragraph of its answer, setting up the history of the town of Cornwall in respect to this highway. To this paragraph Cunningham specifically replied

"that he has no knowledge or information sufficient to form any belief." Without determining the issue of fact raised by paragraph seven, the trial court proceeded and appointed a committee. Unless the parties waived this issue of fact, a committee could not properly be named until this issue of fact was determined.

The trial court appears to have decided two questions upon the motion to appoint a committee, as stated in its memorandum of decision. (1) "Was the highway in question legally discontinued by the vote of the town meeting of June 15, 1915, and the action of the selectmen taken thereafter, as shown by their report?" Having answered that question in the affirmative, then (2) "was the legal effect of the second town meeting and the subsequent action of the selectmen thereon such as to annul the former action and continue the highway open?" This was answered in the negative, and in deciding these questions the trial court seems to have treated the allegations of paragraph seven as admitted facts, or as though demurred to. We must take the record as we find it, and hence the allegations of paragraph seven are not before us.

The premature consideration of the appointment of the committee makes the action of the court erroneous, regardless of the conclusion upon the two questions of law discussed by the court. But since these questions must arise upon the facts of record as admitted, and are decisive of this case, we purpose considering them at this time.

The procedure followed in the attempt to discontinue this highway was that specified in § 1442 of the General Statutes: "The selectmen of any town may, with its approbation, by a writing signed by them, discontinue any highway," etc. Two requisites are provided for: first, action by the selectmen manifested

by a writing signed by them discontinuing the highway; second, the approbation of the town in the discontinuance. Both the action of the town and of the selectmen should be formal and definite, so as to give parties in interest and the public notice of the action taken. "The method of discontinuance provided by statute must be strictly followed." *New London* v. *New York, N. H. & H. R. Co.*, 85 Conn. 595, 601, 84 Atl. 114; *Greist* v. *Amrhyn*, 80 Conn. 280, 68 Atl. 521. The selectmen act as agents of the law in passing upon the question of discontinuance. This decision must be their act and not that of the town. Invoking this principle, the town points out that the report of the selectmen to the town specifying that "pursuant to the vote of the town they have discontinued," etc., characterizes it as the act of the town rather than the independent act of the selectmen. We think the fair and reasonable interpretation of the words, "pursuant to the vote of the town," in this connection, is that the town had manifested by its vote its approbation. This might be given before action by the selectmen as well as after. *Welton* v. *Thomaston*, 61 Conn. 397, 399, 24 Atl. 333.

Again, the town attacks the earlier vote as too indefinite and vague to have a meaning, because the "foregoing notice" referred to in the vote is not made a part of the vote, and the vote fails to contain a recitation of the approbation of the town in the discontinuance of the road. The vote is from the records of a town meeting called pursuant to a notice, and the "foregoing notice" can refer to no other notice; and that this notice was a part of the record of the meeting, may be presumed from the obligations of official duty. The town could not manifest its approbation of the discontinuance of this road in any more pronounced way than by its vote of discontinuance. The

vote of Cornwall was of the precise act of discontinu-
ance of the selectmen; and the vote of the selectmen
was the act of their own discretion and not at the di-
rection of the town.

The vote had at the town meeting of July 3d, re-
scinding the vote of June 15th, followed by the action
of the selectmen thereon, was a reversal of the earlier
action discontinuing this highway, unless the matter
was one which the town and the selectmen could not
act upon; for the vote and action was precise and re-
lated to the discontinued highway of the earlier vote
and action, unless the discontinuance of a highway is
effected immediately upon the action by the select-
men taken with the approbation of the town.

The discontinuance of this highway, if effected, was
by virtue of General Statutes, § 1442. The selectmen
had, by a writing, duly discontinued the highway.
The town by its vote had signified its approbation.
If these were the only provisions of the statute to be
considered, there would be merit in the defendant
Cunningham's claim that the action taken was final
and conclusive, and unaffected by the subsequent re-
scinding by the town of its vote of approbation. But
the statute provides for an appeal by any person ag-
grieved by the action taken, to be proceeded with in
the manner prescribed in § 1434, and that section
gives to the person aggrieved eight months after the
discontinuance of the highway by the selectmen in
which to take his appeal, and prescribes the procedure
to be taken. So long as the appeal can be taken, the
action of the selectmen and town cannot be final and
conclusive, for at any time within this period a party
aggrieved may take his appeal and have the discon-
tinuance set aside. Since the court may, upon the
appeal of the aggrieved party taken within the eight
months, set aside the discontinuance, it must of neces-

sity be true that the town can do voluntarily what it could secure by action of court. It may well be that upon more careful consideration the town or the selectmen may determine that its decision of discontinuance was ill-considered. The statute does not make the act of approbation final and conclusive upon the part of the town; and there is no logical reason why the town cannot do voluntarily what it can secure by judgment of court. We think the effect of the appeal provision is to prevent the discontinuance becoming final, and that pending final decision the town may rescind its earlier action.

No right in Cunningham or any other party in interest had been acquired or vested. None such could exist until the right of appeal had passed, or the court had upon application decided that the appeal ought not to be allowed. A town may by its vote reconsider its earlier action where no such interest has been acquired or vested. *Estey* v. *Starr*, 56 Vt. 690, 694; *Marsh* v. *Scituate*, 153 Mass. 34, 38, 26 N. E. 412; *Getchell* v. *Inhabitants of Wells*, 55 Me. 433, 438.

There is error and the judgment is reversed.

In this opinion the other judges concurred.