WALTER P. DOOLITTLE ET AL. *v.* TOWN OF PRESTON
(3585)

DUPONT, C. J., HULL and BORDEN, Js.

Argued October 4—decision released November 12, 1985

*Frank N. Eppinger,* for the appellants (plaintiffs).
*Frank A. Manfredi,* for the appellee (defendant).

HULL, J. The dispositive issue in this case is whether a vote by the defendant town to "abandon" part of a road was invalid because the word "abandon" was used throughout the proceedings rather than the word "discontinue" which is used in the controlling statute, General Statutes § 13a-49.[1] We conclude that the trial court was correct in concluding that the town's use of the wrong term did not invalidate the proceedings and, therefore, we find no error.

The plaintiffs brought an action under General Statutes § 13a-103 seeking a court order to require the defendant to repair, maintain, alter and improve, and to remove encroachments from, Doolittle Road in Preston. Doolittle Road runs east and west and is intersected at its easterly end by Ross Road and at its westerly end by Miller Road. The plaintiff Doolittle's driveway intersects Doolittle Road approximately at its midpoint. The other plaintiffs either own property on or use Doolittle Road. The defendant accepted responsibility for that portion of Doolittle Road running from Ross Road west to the Doolittle driveway, and the court ordered the defendant to repair that section of the road. The court did not order the defendant to repair or maintain the portion of Doolittle Road running westerly from the Doolittle driveway to Miller Road, on two grounds: (1) in 1966, Doolittle Road

---

[1] General Statutes § 13a-49 provides in pertinent part: "The selectmen of any town may, subject to approval by a majority vote at any regular or special town meeting, by a writing signed by them, discontinue any highway . . . ."

westerly from the Doolittle driveway to Miller Road had been validly discontinued as a town road by the board of selectmen and the town meeting in accordance with General Statutes § 13a-49; and (2) that portion of the road had been abandoned by public nonuser. The plaintiffs appeal only from that portion of the judgment concerning the westerly portion of Doolittle Road. The plaintiffs claim that the court erred: (1) when it decided that the selectmen and special town meeting of the town of Preston lawfully *discontinued* the westerly portion of Doolittle Road in accordance with General Statutes § 13a-49, notwithstanding the fact that the selectmen voted and the town meeting approved a decision to "abandon" the road; (2) when it decided that the westerly portion of Doolittle Road had been abandoned by public nonuser notwithstanding allegedly substantial evidence before the court of recent public use thereof; and (3) when it decided not to order the defendant to repair and maintain the westerly portion of Doolittle Road at its own expense and not to award damages to the plaintiffs.

There is no dispute concerning the underlying facts as found by the trial court. In 1966, the selectmen of Preston decided to discontinue certain unimproved roads before people began to build upon them as they were too expensive to maintain. On August 24, 1966, the selectmen voted to recommend to a town meeting to be held on August 30, 1966, that certain roads including the westerly portion of Doolittle Road be abandoned. The town meeting voted the abandonment of the list of roads and the selectmen voted their approval of this action on September 2, 1966.

The trial court concluded that as long as the statutory method of discontinuing a road was strictly followed, thus providing the members of the town the opportunity to vote on the selectmen's recommendation, it mattered not that the word "abandon" was used

rather than "discontinue."[2] The plaintiffs claim no prejudice from the use of the wrong word in that any of them was misled by the town's actions. Rather, in a supreme example of exalting form over substance, they seek to take advantage of the erroneous word to invalidate the town's 1966 actions.

The plaintiffs strenuously argue that statutory discontinuance and common law abandonment are different things. In doing so, they beg the question. There is no doubt that the two methods of terminating a town's responsibility for a road differ. "A highway may be extinguished by direct action through governmental agencies, in which case it is said to be discontinued; or by nonuser by the public for a long period of time with the intention to abandon, in which case it is said to be abandoned." *Greist* v. *Amrhyn,* 80 Conn. 280, 285, 68 A. 521 (1907). The statutory method of discontinuing a highway must be strictly pursued. Id.; *New London* v. *New York, N.H. & H. R. Co.,* 85 Conn. 595, 601, 84 A. 114 (1912). "In discontinuing a highway the selectmen act as agents of the law, and can exercise no powers except such as are conferred by statute. *Simmons* v. *Eastford,* 30 Conn. 286, 288 [1861]. Their action, and the action of the town approving it, therefore, should be formal and definite, so as to give parties who may be aggrieved an opportunity to apply to the court for the relief which is provided by statute." *Greist* v. *Amrhyn,* supra, 288.

The plaintiffs make no claim that the defendant's action was not formal and definite or that anyone was deprived of the statutory right of appeal by the use of the wrong word. *Clark* v. *Cornwall,* 93 Conn. 374, 106 A. 347 (1919), is persuasive authority to uphold the

[2] The trial court was perhaps echoing the sentiment of Richard Cardinal Cushing who, in describing Fidel Castro, said: "When I see a bird that walks like a duck and swims like a duck and quacks like a duck, I call that bird a duck." New York Times, March 1, 1964.

validity of the town's actions. There, the selectmen had warned a special town meeting to take action to "discontinue" portions of a certain highway. "Pursuant to this warning and notice, the town meeting passed the following vote: 'Voted, The vote upon *closing* the road or highway mentioned in the foregoing notice was taken as follows: 66 No, 67 Yes. Said vote was declared passed by the Chairman of the meeting.' Thereafter the selectmen of Cornwall reported, in writing, to the town, that 'pursuant to the vote of the town' they had discontinued two certain portions of highway within the town, describing the portions as contained in the said notice of the town meeting." (Emphasis added.) Id., 376.

The precise issue involved in the present case was never raised in *Clark*. The issue there was whether the town could later rescind such a vote. Nevertheless, the court's analysis of the validity of the original "discontinuance" is controlling.

The selectmen in *Clark* acted under General Statutes (1918 Rev.) § 1442, the predecessor of General Statutes § 13a-49, which required action by the selectmen manifested by a writing signed by them discontinuing the highway and the approbation of the town in the discontinuance. The *Clark* court stated: "The town could not manifest its approbation of the discontinuance of this road in any more pronounced way than by its vote of discontinuance. The vote of Cornwall was of the *precise act of discontinuance* of the selectmen . . . ." (Emphasis added.) *Clark* v. *Cornwall,* supra, 378–79. This case makes it crystal clear that the incantation of a legal "abracadabra" is not necessary to terminate a town road. The essence of the thing accomplished controls.

That this conclusion makes common sense is supported by normal usage which often equates the terms

"discontinue" and "abandon." Webster's Third New International Dictionary defines the word "discontinue" in definition number two as follows: "to abandon or terminate by a discontinuance or by other legal action."

We conclude that the action of the selectmen and of the town was formal and definite so as to give parties in interest and the public notice of the action taken. The statutory method of discontinuance was strictly followed so that the defendant's discontinuance of the westerly end of Doolittle road was valid.

In view of our conclusion, it is unnecessary to consider the plaintiff's other claims of error.

There is no error.

In this opinion the other judges concurred.