VINCENT T. SAVALLE ET AL. *v.* JOHN R. HILZINGER
(AC 31334)

DiPentima, C. J., and Harper and Mihalakos, Js.

Argued April 12—officially released August 10, 2010

*Walter A. Twachtman, Jr.,* for the appellants (plaintiffs).

*Jeffrey J. Holley,* for the appellee (defendant).

*Opinion*

DiPENTIMA, C. J. The plaintiffs in this declaratory judgment action, Vincent T. Savalle and Teri J. Davis,

appeal from the judgment of the trial court, rendered in favor of the defendant, John R. Hilzinger. The plaintiffs claim that the court improperly determined that Perry Road in Lebanon, a road abutting their property, had been discontinued on July 28, 1937, pursuant to General Statutes (1930 Rev.) § 1442, the predecessor of General Statutes § 13a-49, so that they do not have a right-of-way over the discontinued road pursuant to General Statutes § 13a-55. We affirm the judgment of the trial court.

The facts underlying the plaintiffs' appeal are not in dispute. The plaintiffs own six acres of property abutting Perry Road, bounded on the northerly, easterly and southerly sides by land owned by the defendant, and bounded on the west by Perry Road. The defendant also is the owner of the land to the west of Perry Road, running from the Colchester-Lebanon town line in a northerly direction past the plaintiffs' property. Perry Road previously was used by the plaintiffs' predecessors on a regular basis to gain access to the property, which is otherwise landlocked.

Perry Road previously was a highway owned by the town of Lebanon that was used on a regular basis by the plaintiffs' predecessors in title and by others to access the plaintiffs' property from Sullivan Road in Colchester. It also was used by the public to access Roger Foot Road and Taylor Bridge Road in Lebanon. On July 21, 1937, a written notice, signed by three selectmen of the town of Lebanon, was issued by the selectmen, warning a special town meeting to be held to "take action on the following proposals . . . (4) [t]o see if the [t]own wishes to close the so-called Perry Road leading from the four corners near the residence of Stanley Yorczyk to the Colchester Town Line." A special town meeting for the town of Lebanon was held on July 28, 1937, and the minutes from that meeting state: "Following is the order of business acted upon. . . .

IV. Motion—that the Perry Road from Stanley Yorczyk's four corners to Colchester Town Line be closed. Seconded—Voted—Declared Carried."

On May 8, 1978, a special town meeting was held in Lebanon. The minutes of that meeting reflect that a motion was made " '[t]o consider and act upon a petition to see if the Town will vote to accept or reopen and maintain Perry Road for a distance of eight tenths of one mile from Taylor Bridge Road,' which was seconded." After proposals for amendments and considerable discussion, the question was "defeated by a hand count of 17 in favor and 80 opposed." On December 9, 2002, another special town meeting was held in Lebanon. The legal notice announcing the town meeting stated that one of the items on the agenda was to "consider and act upon the discontinuance of Perry Road." The minutes of that meeting state that a motion was made and seconded, and that "[l]engthy discussion followed regarding the other property owners along this road. Motion made and seconded to 'call the question.' CARRIED. Vote taken by a 'show of hands' 45 in favor . . . and 20 against. Motion CARRIED."

On April 10, 2008, the plaintiffs filed the operative complaint, seeking a declaratory judgment that entitles them to rights as property owners whose property bounded a discontinued or abandoned highway pursuant to § 13a-55. On April 28, 2008, the defendant filed an answer and special defenses to the operative complaint, claiming as the third special defense that "[a]ny claims of the [p]laintiffs as asserted under the provisions or operation of [General Statutes] § 13a-55 are invalid and inapplicable, as the so-called 'Perry Road' was discontinued by the actions of the Town of Lebanon in 1937 pursuant to the provisions of [General Statutes] § 13a-49, or that version thereof in effect at that time." On July 21, 2009, after the parties filed joint stipulations of facts, claims of law and exhibits, the court issued a

memorandum of decision, finding that "Perry Road was discontinued on or about July 28, 1937," and rendered judgment in favor of the defendant.

The plaintiffs claim that the court improperly determined that Perry Road had been discontinued on July 28, 1937. More specifically, they claim that the term "closed" is not the equivalent of "discontinued" and that the precise term "discontinued" is the only accurate statutory language as stated in § 1442. They claim, therefore, that, because the notice of the special town meeting and the minutes of that meeting state that Perry Road should be "closed" and not "discontinued," the action to "close" Perry Road was not valid and Perry Road was not discontinued properly under the relevant statute in 1937. The plaintiffs further claim that Perry Road *was* properly discontinued in 2002 pursuant to the provisions of § 13a-49. The plaintiffs argue, therefore, that they should be able to claim the benefit of a right-of-way over the former Perry Road under § 13a-55, which was enacted in 1959. We do not agree.

We first set forth our standard of review. "The facts underlying [this] appeal from the judgment of the trial court are undisputed. Therefore, the implicit conclusion of the [trial] court . . . involves a question of law, subject to plenary review. . . . Thus, [w]here the legal conclusions of the court are challenged, we must determine whether they are legally and logically correct and whether they find support in the facts that appear in the record." (Citations omitted; internal quotation marks omitted.) *Webster Bank* v. *Zak*, 259 Conn. 766, 773–74, 792 A.2d 66 (2002). To the extent that we must engage in statutory interpretation, our review also is plenary. See *Middlesex Mutual Assurance Co.* v. *Komondy*, 120 Conn. App. 117, 125, 991 A.2d 587 (2010).

The court concluded that "Perry Road was discontinued on or about July 28, 1937, and that the actions

of the Lebanon [t]own [m]eeting on December 9, 2002, were without effect. Accordingly, the plaintiffs have no right to the use of Perry Road . . . ." Section 1442, the predecessor of § 13a-49, provides in relevant part: "The selectmen of any town may, with its approbation, by a writing signed by them, discontinue any highway or private way, or land dedicated as such, therein . . . ." Section 13a-55, which was enacted in 1959, provides in relevant part: "Property owners bounding a discontinued or abandoned highway, or a highway any portion of which has been discontinued or abandoned, shall have a right-of-way for all purposes for which a public highway may be now or hereafter used over such discontinued or abandoned highway to the nearest or most accessible highway, provided such right-of-way has not been acquired in conjunction with a limited access highway." Section 13a-55 does not apply retroactively. *Mackie* v. *Hull*, 69 Conn. App. 538, 546–47, 795 A.2d 1280, cert. denied, 261 Conn. 916, 917, 806 A.2d 1055 (2002).

The general principles related to the discontinuance or abandonment of a public road are well established. "There is no doubt that the two methods of terminating a town's responsibility for a road differ. A highway may be extinguished by direct action through governmental agencies, in which case it is said to be discontinued; or by nonuser by the public for a long period of time with the intention to abandon, in which case it is said to be abandoned. . . . The statutory method of discontinuing a highway must be strictly pursued. . . . In discontinuing a highway the selectmen act as agents of the law, and can exercise no powers except such as are conferred by statute. . . . Their action, and the action of the town approving it, therefore, should be formal and definite, so as to give parties who may be aggrieved an opportunity to apply to the court for the relief which is provided by statute." (Citations omitted;

internal quotation marks omitted.) *Doolittle* v. *Preston*, 5 Conn. App. 448, 451, 499 A.2d 1164 (1985).

The case of *Clark* v. *Cornwall*, 93 Conn. 374, 106 A. 347 (1919), is factually similar and instructive. There, the selectmen had issued notice of a special town meeting to take action to "discontinue" portions of a highway. Id., 375. "Pursuant to this warning and notice, the town meeting passed the following vote: 'Voted, The vote upon closing the road or highway mentioned in the foregoing notice was taken as follows: 66 No, 67 Yes. Said vote was declared passed by the Chairman of the meeting.' Thereafter the selectmen of Cornwall reported, in writing, to the town, that 'pursuant to the vote of the town' they had discontinued two certain portions of highway within the town, describing the portions as contained in the said notice of the town meeting." Id., 376. Although the notice in *Clark* used the term "discontinue"; *Clark* v. *Cornwall*, Conn. Supreme Court Records & Briefs, January Term, 1919, Record p. 6; the language reported in the minutes of the town meeting is similar to the language in the present case, in which the town voted on "closing" the road. In considering the issue of whether the town could later rescind its vote, our Supreme Court stated that "[t]he town could not manifest its approbation of the discontinuance of this road in any more pronounced way than by its vote of discontinuance." *Clark* v. *Cornwall*, supra, 378.

In *Doolittle* v. *Preston*, supra, 5 Conn. App. 448, this court considered the question of whether the use of the term "abandon" instead of "discontinue" by the selectmen of the town of Preston in a 1966 document was fatal to the action. The court characterized the plaintiffs' claim in that case as "a supreme example of exalting form over substance," in seeking to "take advantage of the erroneous word to invalidate the town's 1966 actions." Id., 451. The court, citing *Clark*

v. *Cornwall,* supra, 93 Conn. 378–79, stated that "[t]his case makes it crystal clear that the incantation of a legal 'abracadabra' is not necessary to terminate the town road. The essence of the thing accomplished controls." *Doolittle* v. *Preston,* supra, 452; see also *Chaput* v. *Clarke,* 26 Conn. App. 785, 603 A.2d 1195 (1992) (upholding discontinuance of road in town of Scotland after town voted "to 'close' " portion of road; court used words "closed," "discontinued" and "abandoned" interchangeably throughout opinion).

In this case, the town voted to "close" Perry Road on July 28, 1937. Although the statute sets forth directions for a town to "discontinue" a road, it is clear from the notice and minutes of the town meeting that the clear and unmistakable intent of the vote was, in fact, to discontinue Perry Road. We conclude that the action of the selectmen and the town in 1937 was a "formal and definite" expression of their intent to discontinue Perry Road. The statutory method of discontinuance was strictly followed, and Perry Road was validly discontinued at that time.[1] Accordingly, because § 13a-55 was not enacted until 1959, and therefore not in effect at the time that Perry Road was discontinued, we conclude that the court properly rendered judgment in favor of the defendant.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[1] On the basis of the conclusion that Perry Road was discontinued validly in 1937, the actions of the town meeting held on December 9, 2002, were without effect.