******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

VINCENT T. SAVALLE ET AL. *v.* JOHN R.
HILZINGER ET AL.
(AC 36637)

DiPentima, C. J., and Gruendel and Lavery, Js.

*Argued May 13—officially released July 28, 2015*

(Appeal from Superior Court, judicial district of New
London, Hon. Robert C. Leuba, judge trial referee.)

*James H. Lee*, for the cross appellants (plaintiffs).

*Richard Bruno*, with whom, on the brief, was *Jeffrey
J. Holley*, for the cross appellee (named defendant).

*Opinion*

GRUENDEL, J. General Statutes § 52-270 authorizes a trial court to grant a new trial under limited circumstances. *Black* v. *Universal C. I. T. Credit Corp.*, 150 Conn. 188, 192, 187 A.2d 243 (1962). One such circumstance involves the discovery of new evidence. The plaintiffs, Vincent T. Savalle and Teri J. Davis, cross appealed[1] from the judgment of the trial court denying their petition for a new trial pursuant to § 52-270.[2] On their appeal, the plaintiffs claim that the court improperly concluded that the following did not constitute "newly discovered evidence": (1) public record documents of town meetings and (2) expert testimony from a surveyor and title searcher.[3] The defendant John R. Hilzinger[4] claims that the plaintiffs failed to meet their burden of proving that they exercised reasonable diligence in the original trial and thus cannot establish that the evidence was newly discovered under the statute. We agree with the defendant and affirm the judgment of the trial court.

The relevant facts are set forth in this court's decision in *Savalle* v. *Hilzinger*, 123 Conn. App. 174, 1 A.3d 1098 (2010). "The plaintiffs own six acres of property abutting Perry Road, bounded on the northerly, easterly and southerly sides by land owned by the defendant, and bounded on the west by Perry Road. The defendant also is the owner of the land to the west of Perry Road, running from the Colchester-Lebanon town line in a northerly direction past the plaintiffs' property. Perry Road previously was used by the plaintiffs' predecessors on a regular basis to gain access to the property, which is otherwise landlocked.

"Perry Road previously was a highway owned by the town of Lebanon that was used on a regular basis by the plaintiffs' predecessors in title and by others to access the plaintiffs' property from Sullivan Road in Colchester. It also was used by the public to access Roger Foot Road and Taylor Bridge Road in Lebanon. On July 21, 1937, a written notice, signed by three selectmen of the town of Lebanon, was issued by the selectmen, warning a special town meeting to be held to take action on the following proposals . . . (4) [t]o see if the [t]own wishes to close the so-called Perry Road leading from the four corners near the residence of Stanley Yorczyk to the Colchester Town Line. A special town meeting for the town of Lebanon was held on July 28, 1937, and the minutes from that meeting state: Following is the order of business acted upon. . . . IV. Motion—that the Perry Road from Stanley Yorczyk's four corners to Colchester Town Line be closed. Seconded—Voted—Declared Carried.

"On May 8, 1978, a special town meeting was held in Lebanon. The minutes of that meeting reflect that a motion was made [t]o consider and act upon a petition

to see if the Town will vote to accept or reopen and maintain Perry Road for a distance of eight tenths of one mile from Taylor Bridge Road, which was seconded. After proposals for amendments and considerable discussion, the question was defeated by a hand count of 17 in favor and 80 opposed. On December 9, 2002, another special town meeting was held in Lebanon. The legal notice announcing the town meeting stated that one of the items on the agenda was to consider and act upon the discontinuance of Perry Road. The minutes of that meeting state that a motion was made and seconded, and that [l]engthy discussion followed regarding the other property owners along this road. Motion made and seconded to call the question. CARRIED. Vote taken by a show of hands 45 in favor . . . and 20 against. Motion CARRIED.

"On April 10, 2008, the plaintiffs filed the . . . complaint, seeking a declaratory judgment that entitles them to rights as property owners whose property bounded a discontinued or abandoned highway pursuant to [General Statutes] § 13a-55.[5] On April 28, 2008, the defendant filed an answer and special defenses to the operative complaint, claiming as the third special defense that [a]ny claims of the [p]laintiffs as asserted under the provisions or operation of [General Statutes] § 13a-55 are invalid and inapplicable, as the so-called Perry Road was discontinued by the actions of the Town of Lebanon in 1937 pursuant to the provisions of [General Statutes] § 13a-49, or that version thereof in effect at that time. On July 21, 2009, after the parties filed joint stipulations of facts, claims of law and exhibits, the court issued a memorandum of decision, finding that Perry Road was discontinued on or about July 28, 1937, and rendered judgment in favor of the defendant." (Footnote added; internal quotation marks omitted.) Id., 176–78.

On appeal, this court affirmed the judgment of the trial court, concluding that it was clear from the record that the town of Lebanon discontinued Perry Road in a 1937 town meeting. Id., 181. This court stated that "because § 13a-55 was not enacted until 1959, and therefore not in effect at the time that Perry Road was discontinued . . . the [trial] court properly rendered judgment in favor of the defendant." Id.

Thereafter, the plaintiffs filed a petition for a new trial, pursuant to § 52-270, on the ground that they had acquired newly discovered evidence. The claimed newly discovered evidence comprised of documentary evidence from town meeting minutes from the 1920s and 1930s, as well as an expert witness who was a land surveyor and title searcher. With regard to the documentary evidence, the plaintiffs argued that the documents established that during that period of time, the town's officials carefully distinguished between "closing" and "discontinuing" a road and would not

have used the term "closed" if they had intended to discontinue Perry Road. In support of this proposition, the plaintiffs submitted exhibits from town meeting records of six roads that had been "closed" and were later reopened and records of three roads that were "discontinued" where the town officials signed a certificate of discontinuance.[6]

The plaintiffs also argued that the testimony of Gerald Stefon, an expert witness who was qualified as a surveyor and title searcher, was newly discovered evidence. Stefon testified at the hearing on the petition for a new trial that his practice focuses on ancient highways, turnpikes, and roads in Connecticut and that he is not aware of any other expert in eastern Connecticut with the same expertise. Stefon also testified that after being hired by the plaintiffs, he conducted research and found that Perry Road was created when three landowners dedicated the land to the town in 1769. Thus, Stefon concluded that the town of Lebanon presently held title to the underlying road bed. In regard to his availability as an expert witness, he testified that although he did advertise his services, he does not "stress the fact that [he does] historical research on roads, highways and turnpikes because [his] work comes from attorneys who are involved mostly in litigation, and so almost the entirety of [his] work is predicated on referrals from attorneys." He also testified that he "[v]ery infrequently" receives inquiries from "regular citizens . . . ."

On April 1, 2014, the court denied the plaintiffs' petition for a new trial. In its memorandum of decision, the court found that the purported new evidence was "in fact available in the public records in the Lebanon town hall prior to trial or otherwise available upon the exercise of due diligence." On this basis, the court concluded that the plaintiffs' proffered evidence was not newly discovered evidence under § 52-270. The plaintiffs appeal from this judgment.

As noted, the plaintiffs claim on appeal that the court erroneously concluded that the plaintiffs' documentary evidence and expert witness testimony did not constitute newly discovered evidence under the statute. They argue that these findings were clearly erroneous given the evidence presented at the hearing. In response, the defendant argues that the court properly denied the petition on the ground that the plaintiffs chose to limit the scope of their public records research and thus cannot meet their burden of establishing that they exercised due diligence in preparation of the original trial.[7] We agree with the defendant.

We begin by setting forth the proper standard of review governing a court's denial of a petition for a new trial. "A petition for a new trial is addressed to the discretion of the trial court and will never be granted except upon substantial grounds. As the discretion

which the court is called upon to exercise is not an absolute but a legal one, we will upon appeal set aside its action when it appears that there was a misconception on its part as to the limits of its power, that there was error in the proceedings preliminary to the exercise of its discretion, or that there was a clear abuse in its exercise of its discretion." (Internal quotation marks omitted.) *Kubeck* v. *Foremost Foods Co.*, 190 Conn. 667, 669–70, 461 A.2d 1380 (1983). "A petition for a new trial under § 52-270 is a proceeding essentially equitable in nature." *Black* v. *Universal C.I.T. Credit Corp.*, supra, 150 Conn. 192. "[T]he exercise of equitable authority is vested in the discretion of the trial court and is subject only to limited review on appeal." *Wilkinson* v. *Boats Unlimited, Inc.*, 236 Conn. 78, 84, 670 A.2d 1296 (1996). "In determining whether the trial court abused its discretion, this court must make every reasonable presumption in favor of its action." (Internal quotation marks omitted.) *Mazziotti* v. *Allstate Ins. Co.*, 240 Conn. 799, 809, 695 A.2d 1010 (1997).

To the extent the court's denial of the petition was based on factual findings, we review those findings under the clearly erroneous standard. "[A] finding of fact . . . will not be overturned unless it is clearly erroneous in light of the evidence in the whole record. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Citations omitted.) *Dornfried* v. *October Twenty-Four, Inc.*, 230 Conn. 622, 636, 646 A.2d 772 (1994). "It is within the province of the trial court, as the fact finder, to decide questions of credibility. . . . The [court] is free to accept or reject, in whole or in part, the testimony offered by either party. . . . That determination of credibility is a function of the trial court." (Citation omitted; internal quotation marks omitted.) *Grasso* v. *Grasso*, 153 Conn. App. 252, 258–59, 100 A.3d 996 (2014).

In order to establish the grounds for a new trial, "[the plaintiffs have] the burden of alleging and proving facts which would, in conformity with our settled equitable construction of the statute, entitle him to a new trial on the grounds claimed." *Black* v. *Universal C. I. T. Credit Corp.*, supra, 150 Conn. 193. "The [plaintiffs] must demonstrate, by a preponderance of the evidence, that: (1) the proffered evidence is newly discovered, such that it could not have been discovered earlier by the exercise of due diligence; (2) it would be material on a new trial; (3) it is not merely cumulative; and (4) it is likely to produce a different result in a new trial. . . . Proof that the [plaintiffs] exercised due diligence to discover the evidence prior to trial is *a condition precedent* to successfully prosecuting a petition for a new trial under § 52-270." (Citations omitted; emphasis added; internal quotation marks omitted.) *Terracino* v.

*Fairway Asset Management, Inc.*, 75 Conn. App. 63, 73–74, 815 A.2d 157, cert. denied, 263 Conn. 920, 822 A.2d 245 (2003). Stated differently, the plaintiffs must establish that they did "all that was reasonable to discover the 'new evidence' prior to trial. . . . It [is] not *until* the plaintiffs [meet] that burden that the court [is] authorized to exercise its authority under § 52-270 to consider . . . [granting] a new trial." (Citation omitted; emphasis in original.) Id., 75–76.

"Due diligence means doing everything reasonable, not everything possible. . . . The question which must be answered is not what evidence might have been discovered, but rather what evidence would have been discovered by a reasonable plaintiff by persevering application, [and] untiring efforts in good earnest." (Citation omitted; internal quotation marks omitted.) *Kubeck* v. *Foremost Foods Co.*, supra, 190 Conn. 672. "Reasonable is a relative term which varies in the context in which it is used, and its meaning may be affected by the facts of the particular controversy. . . . It is also synonymous with [e]quitable, fair, just." (Internal quotation marks omitted.) *Jacobs* v. *Fazzano*, 59 Conn. App. 716, 722–24, 757 A.2d 1215 (2000).

In the prior action, the defendant filed an answer to the plaintiffs' complaint, which asserted several special defenses. One of these special defenses alleged that the plaintiffs' claims were "invalid and inapplicable, as . . . Perry Road was discontinued by the actions of the Town of Lebanon in July, 1937 . . . ." (Internal quotation marks omitted.) This notified the plaintiffs that the defendant intended to defend the case, in part, on the theory that the town's actions in 1937 amounted to a discontinuation of Perry Road. Furthermore, the plaintiffs' counsel testified that prior to the underlying trial, the plaintiffs were aware of the holding of *Doolittle* v. *Preston*, 5 Conn. App. 448, 499 A.2d 1164 (1985), in which, this court concluded that an "incantation of a legal 'abracadabra' is not necessary to terminate a town road. The essence of the thing accomplished controls." Id., 452. Thus, under the applicable governing law, a party can establish that a road was discontinued, based on the actions of town officials, even if those officials did not expressly use the term "discontinued." Given the defendant's position, as well as the state of the applicable law at the time, reasonable plaintiffs, exercising due diligence, would have pursued evidence of other instances where the town discontinued or abandoned its roads in preparation for the original trial. In essence, any evidence of how the town acted when it intended to close a road, rather than discontinue it, would be relevant to the plaintiffs' efforts to refute the defendant's special defense.

We now turn to whether the plaintiffs established that they had performed due diligence in preparation for trial. When making such an inquiry, "[i]t is the con-

duct of the plaintiffs that is subject to scrutiny, since he who claims equity must do equity." (Internal quotation marks omitted.) *Terracino* v. *Fairway Asset Management, Inc.*, supra, 75 Conn. App. 76. In making such an inquiry, we note that the plaintiffs admitted readily that they never performed any research for instances of other road discontinuances or abandonments until after the original trial. At the hearing on the petition for a new trial, Davis testified that her original research was limited to "anything that was connected with Perry Road . . . ." She stated that although she researched the deeds and land records of properties along Perry Road and town meetings involving Perry Road, she did not pursue any research of other road closings. Davis also testified that, prior to trial, she had not attempted to locate a title searcher or land historian who could testify as an expert in her case.[8]

Kent D. Mawhinney, an attorney who represented the plaintiffs at the underlying trial, also testified that his research was limited to Perry Road. He stated that prior to trial, he reviewed the documents from the 1937 meeting, which used the word "closed" rather than "discontinued." He further reviewed town meeting minutes from 2002, where town officials voted to "discontinue" Perry Road. On this basis, Mawhinney concluded that the town must not have discontinued the road in 1937 because it was still considering discontinuing the road many years later. He also testified that he found evidence that the town had continuously assessed taxes on itself for the property underlying Perry Road. At this point, he concluded that this evidence was the "the final nail in this coffin" and stopped any further research. He testified that "this was not [a case he] honestly thought . . . [he] was ever going to lose."

In denying the petition for a new trial, the court found that "the evidence relied upon by the plaintiffs in this action was available in public records or was otherwise available to anyone in the exercise of due diligence in preparation for a trial, as in this case." This conclusion is supported by the undisputed fact that after the original trial concluded, the plaintiffs embarked on efforts that led them to uncover the purported newly discovered evidence. The documentary evidence, although difficult to obtain, was obtained through publicly available sources when the plaintiffs began to search for it. Moreover, although the plaintiffs' expert witness was found by chance, the plaintiffs never established how their expert, or one of similar knowledge and experience, could not have been located through reasonable diligence.[9] "[T]he burden of showing due diligence [rests] solely and throughout on the plaintiff"; (internal quotation marks omitted) *Terracino* v. *Fairway Asset Management, Inc.*, supra, 75 Conn. App. 75; and a determination of due diligence is what evidence could have been discovered "*by persevering application*, [and] *untiring efforts in good earnest.*" (Emphasis added;

internal quotation marks omitted.) *Kubeck* v. *Foremost Foods Co*., supra, 190 Conn. 672. Accordingly, the court's finding that the plaintiffs had not performed reasonable diligence in preparation of the original trial was properly supported by the record and, therefore, was not clearly erroneous. Once the court made this determination, it was required to deny the petition for a new trial. Thus, the court did not abuse its discretion when it denied the plaintiffs' petition for a new trial under § 52-270.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] The appeal to this court by the defendant John R. Hilzinger was withdrawn. This opinion concerns the plaintiffs' cross appeal.

[2] General Statutes § 52-270 (a) provides: "The Superior Court may grant a new trial of any action that may come before it, for mispleading, the discovery of new evidence or want of actual notice of the action to any defendant or of a reasonable opportunity to appear and defend, when a just defense in whole or part existed, or the want of actual notice to any plaintiff of the entry of a nonsuit for failure to appear at trial or dismissal for failure to prosecute with reasonable diligence, or for other reasonable cause, according to the usual rules in such cases. The judges of the Superior Court may in addition provide by rule for the granting of new trials upon prompt request in cases where the parties or their counsel have not adequately protected their rights during the original trial of an action."

[3] The plaintiffs also briefed a third claim, arguing that "*Savalle* v. *Hilzinger*, 123 Conn. App. 174 [1 A.3d 1098] (2010), was incorrectly decided, and should be overruled." In support of this claim, the plaintiffs state that they are "certainly aware that a request to overrule a prior appellate decision is unusual." The plaintiffs' position, however, understates the well established principle that "one panel of this court, on its own, cannot overrule the precedent established by a previous panel's holding." (Internal quotation marks omitted.) *Cefaratti* v. *Aranow*, 154 Conn. App. 1, 45, 105 A.3d 265 (2014), cert. granted on other grounds, 315 Conn. 919, 107 A.3d 960 (2015); see also *Samuel* v. *Hartford*, 154 Conn. App. 138, 144, 105 A.3d 333 (2014) (same); *State* v. *Ortiz*, 133 Conn. App. 118, 122, 33 A.3d 862 (2012) (overruling of previous panel "may be accomplished only if the appeal is heard en banc" [internal quotation marks omitted]), aff'd, 312 Conn. 551, 93 A.3d 1128 (2014); *First Connecticut Capital, LLC* v. *Homes of Westport, LLC*, 112 Conn. App. 750, 759, 966 A.2d 239 (2009) ("this court's policy dictates that one panel should not, on its own, reverse the ruling of a previous panel" [internal quotation marks omitted]). Accordingly, we are bound by this precedent and do not consider the merits of the plaintiffs' third claim.

[4] The town of Lebanon also was named as a defendant, but the action against it was withdrawn prior to trial. We therefore refer in this opinion to Hilzinger as the defendant.

[5] General Statutes § 13a-55 provides: "Property owners bounding a discontinued or abandoned highway, or a highway any portion of which has been discontinued or abandoned, shall have a right-of-way for all purposes for which a public highway may be now or hereafter used over such discontinued or abandoned highway to the nearest or most accessible highway, provided such right-of-way has not been acquired in conjunction with a limited access highway."

[6] In 1937, the town officials did not sign a certificate of discontinuance when they "closed" Perry Road.

[7] The defendant further argues that records which are determined to be "publicly available" cannot form the basis of "newly discoverable evidence" under § 52-270. Although we affirm the decision of the trial court, we do not decide the question of whether, under different circumstances, a record that is considered "publicly available" may also qualify as a record which reasonable diligence could not have uncovered. Certainly, we can imagine a scenario where a public record was misplaced or misfiled and was later discovered after trial. Such a record could conceivably be considered "newly discovered" if it could not have been found through reasonable diligence. As the plaintiffs in this case cannot meet the due diligence requirement, we leave consideration of the defendant's position for another day.

[8] The following colloquy occurred at trial:

"[The Defendant's Counsel]: Did you ever look for any other people who have been a title searcher or a land historian prior to the decision in the first case?

"[Davis]: No.

"[The Defendant's Counsel]: Did you ever hire a title searcher prior to 2009?

"[Davis]: No."

[9] We further note that Stefon's testimony was contrary to the plaintiffs' position. At the hearing, Stefon testified that, in his opinion, the land on which the road was built was dedicated by three landowners in 1769 to the town. On this basis, he concluded that "the road bed itself was owned by the Town of Lebanon . . . ." This testimony, however, does not support the plaintiffs' original position that they should be provided with a right-of-way over the defendant's land, as required by § 13a-55. See *Fisher* v. *State*, 33 Conn. App. 122, 124, 634 A.2d 1177 (1993) (petitioner must demonstrate that new evidence would also be material in new trial and would be likely produce different result in new trial).

————————————————